SARAH AGNES SIMS AND HUSBAND, JAMES SUMPTER SIMS, v. HOME BUILDING AND LOAN ASSOCIATION AND CHAS. G. LEE, JR., TRUSTEE.

(Filed 27 February, 1935.)

Injunctions D c—Upon appeal to Superior Court from continuance of restraining order, court may not find facts determinative of controversy.

Upon appeal from a county court to the Superior Court from a judgment continuing a temporary restraining order to the hearing, the sole question to be determined by the Superior Court is whether there was error in continuing the restraining order, and it is error for the Superior Court to find facts which in effect determine the controversy and to adjudge that the trial court should be bound thereby, and upon further appeal to the Supreme Court the case will be remanded to the end that such erroneous portion of the judgment be stricken out and the case remanded to the county court for trial in accordance with the correct portion of the judgment of the Superior Court continuing the restraining order to the hearing.

APPEAL by the plaintiffs from *Finley, J.,* at October Term, 1934, of BUNCOMBE.

This was an action to restrain the foreclosure of a deed of trust given by the plaintiffs to the defendant trustee to secure the defendant building and loan association. The action was instituted in the general county court of Buncombe, where, upon an allegation *inter alia* that the debt had been paid and the cancellation of the deed of trust demanded before the insolvency and the commencement of the liquidation of the corporate defendant, a restraining order was granted till the final hearing. From

this order the defendants appealed to the Superior Court and the case came on to be heard at term time, when and where his Honor found as facts, substantially, that the defendant building and loan association is insolvent, and that its affairs are being liquidated by a liquidating agent appointed by its directors, and that the plaintiffs have made certain payments to the association, beginning 1 April, 1925, and extending over a period of years up to and including 16 December, 1931, and that subsequent to that date plaintiffs have paid to the liquidating agent sums aggregating $88.50, and adjudged that "the order of the general county court is hereby modified to the extent that the temporary restraining order issued by the general county court is continued to the final hearing, and that the payments made up to and including 16 December, 1931, be credited on the stock purchased by the plaintiffs from the defendant Home Building and Loan Association, and that all payments made subsequent to 16 December, 1931, be credited on the note secured by the deed of trust," and remanded the case to the general county court "for further proceedings in accord with this judgment." From the judgment of the Superior Court the plaintiffs appealed to the Supreme Court, assigning errors.

*Vonno L. Gudger* for *plaintiffs appellants*.
*Ford, Coxe & Carter* for *defendants appellees*.

SCHENCK, J.  We hold it was error prejudicial to the plaintiffs for the judge of the Superior Court, upon an appeal from an interlocutory and discretionary order made after pleadings had been filed and issue joined, but before any evidence had been heard, to make findings of fact which were in effect determinative of the controversy, and to virtually adjudge that the trial court should be bound thereby.

We think that so much of the judgment as continues the restraining order and remands the case to the general county court is correct, but that portion thereof which finds facts and directs how application of credits are to be made in the general county court is erroneous.  The question presented by the appeal to the Superior Court was whether there was error committed by the general county court in continuing the restraining order to the final hearing, and the final merits of the controversy were not then before the court.

The restraining order is continued to the final hearing and the case is remanded to the Superior Court that it may be there remanded to the general county court for determination upon such issues of fact and questions of law as may there arise upon the trial of the cause.

Error and remanded.