UNION CARBIDE CORPORATION v. JOHN T. DAVIS, INDIVIDUALLY, AND TRADING AS D. & J. MARKET.

(Filed 9 November, 1960.)

**1. Constitutional Law § 4—**

The courts will pass on constitutional questions only when they are squarely presented and necessary to the disposition of a matter then pending and at issue.

**2. Appeal and Error § 1—**

The Supreme Court has jurisdiction to pass upon questions of law or legal inference only upon appeal from an adjudication thereon by the lower court, and if the lower court has no jurisdiction, the Supreme Court acquires none by appeal.

**3. Injunctions § 13—**

Upon motion to show cause why a temporary restraining order issued in the cause should not be continued to the hearing, the merits of the controversy are not before the court, and the court has jurisdiction to determine only whether or not there has been a showing of equitable grounds for continuing the order.

**4. Same—**

In an action to restrain the violation of the North Carolina Fair Trade Act, it is error for the court upon the hearing of an order to show cause why the temporary restraining order theretofore issued should not be continued to the hearing, to dissolve the temporary order on the ground of the unconstitutionality of the statute, since constitutional questions were not before the court on the hearing and could be concluded only by a final judgment on the merits allowing or denying a permanent injunction.

APPEAL by plaintiff from *Johnston, J.,* in Chambers, April 2, 1960, FORSYTH Superior Court.

The plaintiff instituted this civil action to restrain the defendant as an individual and as D & J Market from advertising, offering for sale, and selling plaintiff's product, "Prestone" antifreeze, in defendant's trade area at prices below the minimum established by the plaintiff in its fair trade agreements with its distributors. Among other things, the plaintiff alleged that its commodity, Prestone, has been in free and open competition with products of the same general class produced by others and sold in the same territory. Plaintiff has expended great effort and large sums of money in developing Prestone antifreeze and in advertising and promoting its sale in North Carolina and elsewhere. As a result, the plaintiff has established a valuable reputation and good will for itself and its commodities, in its trademarks and names. In order to protect its business reputation, good will, trademark and brand name against unethical and uneconomical practices in the sale and distribution of its product, Prestone, the plaintiff has entered into fair trade agreements with various retail dealers in the State of North Carolina, stipulating minimum retail sales prices of Prestone at $2.39 per gallon and sixty-nine cents per quart. The plaintiff gave the defendant due notice of the prices so fixed in the agreements with its distributors in the territory in which the defendant did business. The defendant has offered for sale and sold, and is offering for sale and selling Prestone at prices substantially below that fixed by the plaintiff in its fair trade contracts. The Prestone so offered for sale and sold does not fall within any exemption in the Fair Trade Act. The plaintiff asked for temporary and permanent restraining orders against the defendant for the violation of the minimum retail sales price of Prestone and for damages suffered by reason of past violations.

The defendant answered, alleging among other things: "That the defendant has purchased from the plaintiff's distributor from time to time various quantities of a product contained in a metal container for use in automobile cooling systems, which container bears the trademark or trade name of 'Prestone'; that the defendant has either purchased and paid the plaintiff for said quantities of Prestone or has made such sales arrangements with the plaintiff that the title to all quantities of Prestone handled by the defendant pass to the defendant and said products were at all times and are now the exclusive property of the defendant without any contingencies, conditions or restrictions, and the defendant alleges that the quantities of Prestone purchased by him for retail sale had all the attributes

and legal privileges which inhere in property belonging to the defendant, and the defendant at all times had and now has the right to enjoy, use, utilize and dispose of said quantities of Prestone, so belonging to him, upon such conditions and upon such prices as fixed by the defendant to even give the product away if he desired to do so; . . ."

" . . . All sales of said product (Prestone) made by him were sales of his own property to which he had full title and at prices he had a right to fix himself without any intervention, intermeddling, or restrictions on the part of the plaintiff . . . to prohibit or enjoin . . ."

The defendant further alleged he is not a party to any contract in which prices of Prestone are fixed; that such contracts are void for the reason they are in restraint of trade. The defendant further alleged the North Carolina Fair Trade Act, Article 10, Ch. 66, General Statutes, in its entirety is invalid and void, and in violation of Article I, §§ 1, 7, 17, and 31, and Article II, § 29 of the State Constitution.

Upon plaintiff's application, the court issued the temporary restraining order as prayed for in the complaint. Upon the motion to show cause why the restraining order should not be continued to the hearing, the court, on March 5, 1960, in chambers, heard counsel for both parties, at which hearing the court announced: "The only thing before me is whether the temporary restraining order should be continued to a final hearing." Counsel for both parties agreed. At the conclusion of the hearing the court announced: "I am going to dissolve the restraining order, gentlemen, put it on the constitutional basis entirely. You can draw an order to that effect."

The court entered judgment dissolving the temporary restraining order upon the ground that Article 10, Ch. 66, General Statutes, is void, invalid, and unconstitutional, in that the same offends against Article I, Sections 1, 7, 17 and 31, and Article II, Section 1, Constitution of the State of North Carolina.

The plaintiff excepted and appealed.

*Blackwell, Blackwell & Canady, Winfield Blackwell, Jack F. Canady, for plaintiff, appellant.*

*Buford T. Henderson, Abner Alexander for defendant, appellee.*

*T. W. Bruton, Attorney General, Ralph Moody, Assistant Attorney General for the State, amicus curiae.*

HIGGINS, J. The North Carolina Fair Trade Act, Chapter 66,

Article 10, was enacted as Chapter 350, Public Laws of 1937. In *Lilly & Co. v. Saunders,* 216 N.C. 163, 4 S.E. 2d 528, this Court analyzed the purposes and effect of the Act. Controversy has existed over its constitutional validity. Arguments and authorities for and against are exhaustively treated in the opinion and in the dissent.

Courts must pass on constitutional questions when, but only when, they are squarely presented and necessary to the disposition of a matter then pending and at issue. *Assurance Co. v. Gold,* 249 N.C. 461, 106 S.E. 2d 875; *Greensboro v. Wall,* 247 N.C. 516, 101 S.E. 2d 413; *Roller v. Allen,* 245 N.C. 516, 96 S.E. 2d 851. The jurisdiction of this Court is derivitive. Questions of law or legal inference come to it for purposes of review. If the lower court has no jurisdiction, the Supreme Court cannot acquire jurisdiction by appeal. *Baker v. Varser,* 239 N.C. 180, 79 S.E. 2d 757; *Gill v. McLean,* 227 N.C. 201, 41 S.E. 2d 514.

The only question presented before the superior court was whether the temporary restraining order should be continued to the hearing. Judge Johnston acted, not upon a showing or failure to show equitable grounds for continuing the order, but dissolved it solely upon the ground the General Assembly acted in violation of the State Constitution in passing the Fair Trade Act. "The constitutionality of a statute will not be determined on the question being raised in a collateral proceeding, or on preliminary motions, or interlocutory order . . . " 16 C.J.S., Constitutional Law, § 95. "We think the court committed serious error in thus dealing with the case upon motion for temporary injunction. The question was not whether the Act was constitutional or unconstitutional; was not whether the Commission had complied with the requirements of the act, if valid, but was whether the showing made raised serious questions, under federal Constitution and state law, and disclosed that enforcement of the act, pending final hearing, would inflict irreparable damages upon the complainants." *Mayo v. Canning Co.,* 309 U.S. 310, 84 L.ed. 774.

"The judge hearing the order to show cause why the injunction should not be continued to the hearing had no jurisdiction to hear and determine the controversy on the merits, and his findings of fact and conclusions of law were but instruments of decision in the matter before him." *Patterson v. Hosiery Mills,* 214 N.C. 806, 200 S.E. 906.

"When the judge below grants or refuses an injunction, he does so upon the evidence presented, and the only question is whether the order should be made, dissolved, or continued; he cannot go further and determine the final rights of the parties, which must

be reserved for the final trial of the action. N. C. Prac. & Proc. (McIntosh), Par. 876, p. 994, and cases there cited." *MacRae & Co. v. Shew,* 220 N.C. 516, 17 S.E. 2d 664; *Lawhon v. McArthur,* 213 N.C. 260, 195 S.E. 786; *Sims v. Building & Loan Asso.,* 207 N.C. 809, 178 S.E. 568; *Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309; *Hamilton v. Icard,* 112 N.C. 589, 17 S.E. 519.

Only a final judgment can become the law of the case. In the absence of agreement to the contrary, such a judgment can only be entered in term. *Moore v. Monument Co.,* 166 N.C. 211, 81 S.E. 170. "A permanent or perpetual injunction issues as a final judgment which settles the rights of the parties, after the determination of all issues raised." *Galloway v. Stone,* 208 N.C. 739, 182 S.E. 333.

Judge Johnston, in ordering the dissolution of the restraining order, acted under the mistaken belief the constitutionality of the Fair Trade Act was then involved. The order is set aside. The cause is remanded to the Superior Court of Forsyth County for hearing on the question whether the temporary order should be continued to the final hearing.

Reversed.