BULOVA WATCH COMPANY, INC., A CORPORATION, PLAINTIFF APPELLEE
v. BRAND DISTRIBUTORS OF NORTH WILKESBORO, INC., A
CORPORATION, AND ROBERT YALE, DEFENDANT APPELLANTS

BULOVA WATCH COMPANY, INC., A CORPORATION, PLAINTIFF APPELLEE
v. MOTOR MARKET, INC., A CORPORATION, D/B/A BOB'S JEWELRY
& LOAN, AND ROBERT YALE, DEFENDANT APPELLANTS

No. 7323SC261

(Filed 13 June 1973)

Constitutional Law § 4; Injunctions § 12— preliminary injunction — constitutionality of Fair Trade Act

The constitutionality of the North Carolina Fair Trade Act, G.S.
Ch. 66, Art. 10, could not be decided by the court in a hearing upon
plaintiff's application for a preliminary injunction restraining defendants from violating fair trade agreements.

Certiorari to review an order by Kivett, Judge, 30 October
1972 Session of Superior Court held in WILKES County.

This is a civil action arising under Article 10 of Chapter
66 of the General Statutes, known as the "Fair Trade Act."
Plaintiff, alleging that defendants' were in violation of the
statute, sought preliminary injunction, permanent injunctive
relief and damages.

The cases came on for hearing upon plaintiff's application
for preliminary injunction. On 3 November 1972, after a hearing, Judge Kivett signed an order enjoining defendants from
selling plaintiff's products at less than the minimum retail
prices established by plaintiff's fair trade agreements in North
Carolina, until final determination of the action on the merits.
Plaintiff posted bond to indemnify defendants from damages
arising out of the issuance of the preliminary injunction in the
event plaintiff fails to prevail. Defendants gave notice of appeal from the entry of the order granting the preliminary injunction.

Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston
by Mark R. Bernstein and W. Samuel Woodard for plaintiff
appellee.

W. G. Mitchell and McElwee & Hall by John E. Hall, attorneys for defendant appellants.

VAUGHN, Judge.

We are of the opinion that defendants' attempt to appeal from the order allowing the preliminary injunction is premature and we will treat the same as a petition for *certiorari* which we allow.

Defendants' sole assignment of error is as follows:

"The Court erred in issuing a preliminary injunction in each of these cases for the reason that the Fair Trade Act is in violation of the Constitution of the State of North Carolina and the Act has probably been repealed by subsequent legislation."

The constitutionality of the act was not before Judge Kivett when he heard the application for preliminary injunction. The Supreme Court so held in *Carbide Corp. v. Davis,* 253 N.C. 324, 116 S.E. 2d 792. The cited case also involves the "Fair Trade Act." The trial judge had declined to continue a temporary restraining order until trial on the grounds that the act was unconstitutional. The Supreme Court quoted with approval from other writings which were to the effect that the constitutionality of an act will not be determined on the question being raised on preliminary motions or interlocutory orders.

Moreover, the act in question was expressly held to be constitutional in *Lilly & Co. v. Saunders,* 216 N.C. 163, 4 S.E. 2d 528. Though decided by the Supreme Court in 1939, the case continues to be binding on the Court of Appeals and the trial courts of this State.

Affirmed.

Judges BROCK and HEDRICK concur.