GEORGE HARVEY CAMPBELL, INDIVIDUALLY AND AS REPRESENTATIVE OF THE CITIZENS AND TAXPAYERS OF DURHAM, NORTH CAROLINA v. FIRST BAPTIST CHURCH OF THE CITY OF DURHAM, AN UNINCORPORATED ASSOCIATION; THE CITY OF DURHAM; AND THE REDEVELOPMENT COMMISSION OF THE CITY OF DURHAM

No. 7314SC488

(Filed 12 September 1973)

Injunctions §§ 4, 7; Municipal Corporations § 22— property exchange between city and church — failure to comply with statute — denial of motion for preliminary injunction error

In an action to have declared ultra vires and invalid an exchange of property between the defendant Church and the defendant Redevelopment Commission which was executed by an exchange of deeds on 19 January 1973, the trial court erred in denying plaintiff's motion for a preliminary injunction to enjoin all defendants from exercising any rights of ownership or occupancy of the exchanged property pending trial on the merits where plaintiff's evidence tended to show that the defendant Redevelopment Commission, in violation of G.S. 160-464(e)(4), did not (1) advertise for a public hearing upon the proposal to exchange property with the defendant Church, and (2) appoint a commission of three real estate appraisers to agree upon the fair value of the property to be exchanged, and where the evidence tended to show that the value of the property to be exchanged was set by defendants Redevelopment Commission and City of Durham at approximately $90,000 less than its fair market value, that defendant Church had changed and would continue to change the topography of the property if not restrained, and that defendant City of Durham intended to use the property it received in the exchange for street purposes if not restrained.

APPEAL by plaintiff from an order entered by *Hall, Judge,* on 23 February 1973 in the Superior Court in DURHAM County.

By his first cause of action, plaintiff seeks to have the Court declare ultra vires and invalid an exchange of property between the defendant Baptist Church and the defendant Redevelopment Commission which was executed by an exchange of deeds on 19 January 1973. It is plaintiff's contention that the exchange was made by the Commission, without its first complying with G.S. 160-464(e)(4). Particularly, plaintiff contends the exchange was made at less than fair value for the Commission property.

By his second cause of action, plaintiff seeks to have the Court declare ultra vires and invalid the obligations and undertakings agreed to by the defendant City of Durham in the Cooperation Agreement on 25 July 1968. It is plaintiff's contention that the City undertook to pledge its faith and lend its credit to the defendant Commission without first submitting the proposal to a vote of the people in accordance with Article V, Section 2 and Section 4 of the Constitution of North Carolina.

Plaintiff filed a motion for temporary restraining order and a motion for a preliminary injunction contemporaneously with the filing of the complaint on 7 February 1973. Notice of the motion for a preliminary injunction was also filed.

Following an ex parte hearing on plaintiff's complaint and motion, on 13 February 1973, Honorable Sammie Chess, Jr., Judge of Superior Court, issued a temporary restraining order which restrained all defendants from exercising any rights of ownership or occupancy of the exchanged property. On 23 February 1973, the matter was heard again by Honorable Clarence W. Hall, Resident Judge of Superior Court.

At the time of the hearing on 23 February 1973, before Judge Hall, defendants had not filed answers to the complaint or to the motion for a preliminary restraining order, and defendants offered no evidence in the hearing before Judge Hall.

By the verified complaint, and the verified motion for a preliminary restraining order, both considered as affidavits for the purpose of the hearing, and the testimony offered by plaintiff at the hearing before Judge Hall on 23 February 1973, plaintiff offered evidence which tended to show the following:

The Markham property which adjoins the property of the defendant Baptist Church was acquired by condemnation by the

Redevelopment Commission at the price of $164,300.00. Approximately 15.8 per cent of the Markham property was subsequently utilized for the purpose of widening the streets on its northern and eastern boundaries. The Redevelopment Commission determined, and the City of Durham concurred, that the Commission would exchange the remaining Markham property for a price of $15,614.00. The exchange was to be made with the defendant Baptist Church for a twelve foot strip of its lot along Roxboro Street for a price of $17,500.00. This twelve foot strip was to be used in widening Roxboro Street. The exchange was made on 19 January 1973. The fair market value of the Markham property at the time of the exchange was $105,000.00, more than $89,000.00 in excess of the price for which the exchange was made. After 19 January 1973, some of the trees and shrubbery were cut and removed from the Markham property, and it was the intention of defendant Baptist Church to carry out its plan of clearing and leveling the land, paving of a part or all thereof, construction of entrances and exits, and the erection of other improvements. The defendant City of Durham intends to immediately use for street purposes the twelve foot strip of land obtained from defendant Baptist Church in the exchange. Plaintiff's evidence further tended to show that the defendant Redevelopment Commission did not advertise for a public hearing upon the proposed property exchange and did not appoint a committee of appraisers for the purpose of agreeing upon the fair value of the property to be exchanged. The Council of defendant City of Durham approved the exchange at the price of $15,614.00 because the exchange was with a church, not because the price represented fair value.

Judge Hall dissolved the temporary restraining order and denied plaintiff's motion for a preliminary injunction pending trial on the merits, and denied plaintiff's motion for injunction pending appeal.

Plaintiff appealed.

*Blackwell M. Brogden, for the plaintiff.*

*Daniel K. Edwards, for the defendants, Redevelopment Commission of the City of Durham and First Baptist Church of the City of Durham.*

*Rufus C. Boutwell, Jr., for the defendant, City of Durham.*

BROCK, Chief Judge.

G.S. 160-464(e)(4) provides:

"After a public hearing advertised in accordance with the provisions of G.S. 160-463(e), and subject to the approval of the governing body of the municipality, convey to a non-profit association or corporation organized and operated exclusively for educational, scientific, literary, cultural, charitable or religious purposes, no part of the net earnings of which inure to the benefit of any private shareholder or individual, such real property as, in accordance with the redevelopment plan, is to be used for the purposes of such associations or corporations. Such conveyance shall be for such consideration as may be agreed upon by the commission and the association or corporation, which shall not be less than the fair value of the property agreed upon by a committee of three professional real estate appraisers currently practicing in the State, which committee shall be appointed by the commission. All conveyances made under the authority of this subsection shall contain restrictive covenants limiting the use of property so conveyed to the purposes for which the conveyance is made."

According to plaintiff's evidence at the hearing before Judge Hall on plaintiff's motion for a preliminary injunction the defendant Redevelopment Commission did not (1) advertise for a public hearing upon the proposal to exchange property with the defendant Baptist Church, and did not (2) appoint a commission of three real estate appraisers to agree upon the fair value of the property to be exchanged. It appears that compliance with the terms of the statute by the Redevelopment Commission is necessary before it can legally make an exchange as described by plaintiff's evidence. Therefore, if the Redevelopment Commission makes such an exchange without effectively complying with the statute, its acts outside of its authority. It appears, therefore, that plaintiff's evidence makes a prima facie showing of a right to the relief requested in his first alleged cause of action.

According to plaintiff's evidence at the hearing before Judge Hall on plaintiff's motion for a preliminary injunction the value of the property to be exchanged was set by defendants Redevelopment Commission and City of Durham at $15,614.00, but that the fair value thereof is $105,000.00. Also, that the de-

---

---

fendant Baptist Church has and will continue to change the topography of the property if not restrained. According to said evidence the defendant City of Durham will use for street purposes the twelve foot strip of property received from the defendant Baptist Church in the exchange, if not restrained. It appears, therefore, that plaintiff has made a prima facie showing that the status quo should be maintained to protect plaintiff's rights until the controversy can be determined on its merits.

In our opinion the preliminary injunction should have been issued enjoining defendant Baptist Church from exercising any right or privilege of ownership or occupancy of the premises known as 506 Cleveland Street, bounded by Cleveland, Elliott and Roxboro Streets in the city of Durham, which premises is described in a purported conveyance from the Redevelopment Commission of the City of Durham on 19 January 1973, to the defendant Baptist Church in accordance with an exchange agreement. This injunction should extend to enjoin said defendant from the destruction and removal of trees and shrubbery, the clearing and leveling of the land, or the construction of improvements thereon.

Also, in our opinion the preliminary injunction should have been issued enjoining the defendant City of Durham and the defendant Redevelopment Commission from exercising any right or privilege of ownership or occupancy in that strip of land, twelve feet in width, along Roxboro Street which was described in a purported conveyance from the defendant Baptist Church to the defendant Redevelopment Commission on 19 January 1973 in accordance with an exchange agreement. This injunction should extend to enjoining said defendants from destruction of existing improvements on the land, the clearing and leveling of the land and the construction of streets or other improvements thereon.

The order appealed from insofar as it denied plaintiff's motion for a preliminary injunction, is reversed and this cause is remanded to the Superior Court in Durham County for entry of a preliminary injunction in accordance with this opinion.

Reversed and remanded.

Judges VAUGHN and BALEY concur.