WILLIAM B. GARRISON III, Plaintiff v. JAMES MILLER, MAUDE CARTER, CHARLES W. CRAIG, WILLIAM L. CRAIG, JR., CHARLES D. GRAY III, MARIE HAMILTON, CLYDE LUTZ, FREDRICK L. SMYRE AND J. BRUCE TRAMMELL, INDIVIDUALLY AND AS MEMBERS OF THE GASTON COUNTY BOARD OF EDUCATION, Defendants, and JOHN KINLAW AND EVERETTE L. CARLTON, Original Defendants and Additional Defendants, and ZANE EARGLE, SUPERINTENDENT, Additional Defendant

No. 7827SC500

(Filed 20 March 1979)

Injunctions § 5.1— temporary order—no jurisdiction to decide constitutionality of policy

　　In an action to restrain a county board of education from enforcing its policy concerning athletic eligibility for transfer students, the trial court had no jurisdiction to declare the policy unconstitutional upon the hearing of an order to show cause why a temporary restraining order should not be continued to the hearing, since the constitutionality of the policy could only be determined at the final hearing.

APPEAL by defendants from *Davis, Judge.* Judgment and order entered 30 March 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 6 March 1979.

On 22 February 1978 plaintiff filed a complaint against defendants, members and agents of the Gaston County Board of Education, requesting the court to temporarily restrain and permanently enjoin enforcement of their policy concerning athletic eligibility for transfer students. The policy provides essentially that a student who transfers from a school in his attendance zone to a school located in another attendance zone in Gaston County, without moving to the attendance zone of the school to which he transferred, loses his eligibility to participate in interschool athletics for one year. By reason of the policy, plaintiff was ineligible to participate in interscholastic athletic competition during the 1977-78 school year. Plaintiff alleged that the policy violated his rights to equal protection and due process.

On 22 February 1978, the trial court entered a temporary injunction and order to show cause. In the order, the court noted that the plaintiff would suffer irreparable harm unless a temporary restraining order was issued without notice in that the athletic season was in full progress and the track team on which plaintiff desired to participate had its first competition on 2 March 1978.

On 22 March 1978, defendants filed an answer admitting that the plaintiff, upon application of his mother, was permitted to transfer from the school in his attendance zone to a school in another zone. By reason of the transfer, plaintiff is ineligible to participate in interscholastic athletic activities for the 1977-78 school year. Defendants denied that the athletic policy violated any of plaintiff's constitutional rights.

On 2 March 1978, at the show cause hearing, plaintiff presented evidence, primarily from several defendants, that the primary purpose of the policy is to prevent recruiting of athletes. However, 723 students in Gaston County were transferred within the school system during the 1977-78 school year and none were transferred for recruiting purposes. The policy does not prohibit a transfer student from participating in such school activities as band competition. All student transfers are subject to approval by the board of education and the policy provides no formal pro-

cedure for a hearing and appeal. There was no evidence of any recruiting involved in plaintiff's transfer. The policy in question was adopted by the Gaston County Board of Education; it is not a state policy. A similar state policy applies only to transfers between administrative units but local school boards have the authority under state law to extend the policy to transfers within an administrative unit.

Defendants offered evidence, primarily by cross-examination of plaintiff's witnesses, tending to show that the rule has been uniformly applied since its adoption in 1971. No exceptions have been made. A similar policy has been adopted by the North Carolina High School Athletic Association, Inc. The rule is a rational approach to control recruiting of high school athletes and "floating" between schools. It is supported by six of the seven coaches in Gaston County.

On 30 March 1978 the trial court entered an order and judgment which (1) continued the temporary injunction "until final judgment is entered", (2) restrained defendants from applying the policy to "any other similarly situated student", (3) held that the policy is a "patent violation" of the Fourteenth Amendment to the U.S. Constitution and Article I, § 19 of the N.C. Constitution, and (4) continued the cause pending further orders of the court. Defendants appealed.

*Henry M. Whitesides, for plaintiff appellee.*

*Garland and Alala, by James B. Garland, for defendant appellants.*

CARLTON, Judge.

Counsel for plaintiff and defendants expressed their desire that this Court fully address the merits of the action. We are precluded from doing so by prevailing law.

We think the case at bar is clearly controlled by the decision of our Supreme Court in *Union Carbide Corp. v. Davis*, 253 N.C. 324, 116 S.E. 2d 792 (1960) and other similar cases. Justice Higgins succinctly stated the salient principles pertinent to the instant action: (1) Courts should pass on constitutional questions when, but only when, they are squarely presented and necessary to the disposition of the matter then pending; (2) The jurisdiction

of appellate courts is derivative. Questions of law or legal inference come to it for purposes of review. If the lower court has no jurisdiction, the appellate court cannot acquire jurisdiction by appeal; (3) The constitutionality of a statute will not be determined in collateral proceedings, on preliminary motions, or on interlocutory orders; (4) Trial courts grant or deny injunctions upon the evidence presented. The only question is whether the order should be made, dissolved or continued. It cannot go further and determine the final rights of the parties, that being reserved for the final trial of the action. *Union Carbide Corp. v. Davis, supra* at 327, 116 S.E. 2d at 794.

At the show cause hearing, the only question presented to the superior court was whether the temporary injunction should be continued to the hearing. Judge Davis went beyond the scope of his authority and declared the policy unconstitutional.

Our holding cannot be different because the parties consented that the court "could issue such further orders or judgments as the Court may deem appropriate out of term and out of district." The Supreme Court has resolved that question also. In *MacRae & Co., Inc. v. Shew*, 220 N.C. 516, 17 S.E. 2d 664 (1941) the parties agreed that the court might "either make the temporary order permanent or dissolve it at this hearing." The Court held, "However, since the judgment entered was beyond the jurisdiction of the judge sitting at chambers, such jurisdiction could not be conferred by agreement . . . ." 220 N.C. at 518, 17 S.E. 2d at 665.

We are impressed by plaintiff's argument that the trial court probably had as much information before it at the show cause hearing as it would at the final hearing. However, it is not our prerogative to overrule firmly-stated principles enunciated by the Supreme Court; nor are we inclined to do so. A final ruling on this action would have obvious statewide ramifications on athletic eligibility in our secondary schools. It may well be that the ends of justice will be better met if, at final hearing, the trial court has before it evidence of athletic eligibility with respect to transferees from other administrative units across the state.

We hold that the trial court had sufficient evidence before it to support the findings of fact and conclusions of law in continu-

ing the temporary injunction. However, the court went beyond its jurisdiction in ruling that the policy was unconstitutional.

The result is that the judgment must be modified so as to extend no further than to continue the temporary injunction to the final hearing.

The cause is remanded for judgment in accord with this opinion.

Modified and remanded.

Judges VAUGHN and HEDRICK concur.