THE STATE OF NORTH CAROLINA, THE CHILD DAY-CARE LICENSING COMMISSION OF THE DEPARTMENT OF ADMINISTRATION AND JOSEPH W. GRIMSLEY, SECRETARY OF THE DEPARTMENT OF ADMINISTRATION, EX REL., RUFUS L. EDMISTEN, ATTORNEY GENERAL OF NORTH CAROLINA v. FAYETTEVILLE STREET CHRISTIAN SCHOOL AND ITS OPERATOR MR. BRUCE D. PHIPPS; GOSPEL LIGHT CHRISTIAN SCHOOL AND ITS OPERATOR MRS. DELORES B. YOKELY; GRACE CHRISTIAN SCHOOL AND ITS OPERATOR MR. EARL R. EATON; IMMANUEL DAY CARE CENTER AND ITS OPERATOR MRS. ELIZABETH HARRELL; BAPTIST TEMPLE SCHOOL AND ITS OPERATOR MR. DONALD R. CARTER; GRACE CHRISTIAN SCHOOL AND ITS OPERATOR MR. ROBERT DURHAM; BETHANY CHURCH SCHOOL AND ITS OPERATOR REVEREND GENE WOODALL; TABERNACLE CHRISTIAN SCHOOL DAY CARE AND ITS OPERATOR MR. RANDALL SHOOK; SOUTH PARK BAPTIST SCHOOL AND ITS OPERATOR MR. DANIEL D. CARR; GOSPEL LIGHT BAPTIST CHURCH AND ITS OPERATOR REVEREND GARY BLACKBURN; FRIENDSHIP CHRISTIAN SCHOOLS AND ITS OPERATOR MR. CHARLES STANLEY; AND ALL OTHERS SIMILARLY SITUATED

No. 125

(Filed 1 February 1980)

1. **Appeal and Error § 6.6— denial of motion to dismiss—nonappealable interlocutory order**

    An adverse ruling on a Rule 12(b)(6) motion to dismiss is in most cases an interlocutory order from which no direct appeal may be taken.

2. **Appeal and Error § 6.6— denial of motion to dismiss—unconstitutional application of statute—defendants not covered by statute—premature appeal**

    In an action by the State seeking a declaration that church-operated day-care facilities and their administrators are subject to the provisions of the Day-Care Facilities Act of 1977, G.S. 110-85 *et seq.*, and an injunction restraining defendants from operating day-care facilities without being licensed pursuant to the Act, the trial court's denial of defendants' motion to dismiss the complaint on grounds that (1) the Act cannot be constitutionally applied to church-operated day-care centers, and (2) defendant institutions are not "day-care facilities" as defined in the Act constituted a nonappealable interlocutory order, since the order did not finally determine any issue in the case or threaten to impair any right of defendants that could not be later protected.

3. **Appeal and Error § 6.3— denial of motion to dismiss—venue—lack of class action certification—nonappealable interlocutory order**

    In an action by the State seeking a declaration that church-operated day-care facilities and their administrators are subject to the Day-Care Facilities Act of 1977 and an injunction restraining defendants from operating day-care facilities without being licensed pursuant to the Act, the trial court's denial of defendants' motion to dismiss on grounds of (1) improper venue and (2) lack of class action certification constituted a nonappealable interlocutory order where

the court's order was entered specifically without prejudice to defendants' right to file additional motions should class action certification ultimately be denied, since the court in effect postponed its ultimate response to the merits of both venue and class action arguments raised by defendants.

**4. Appeal and Error § 6.2— preliminary injunction—nonappealable interlocutory order**

The trial court's order granting the State's motion for a preliminary injunction restraining defendants from operating day-care centers without complying with the licensing requirements of the Day-Care Facilities Act of 1977 constitutes a nonappealable interlocutory order, since defendants offered no evidence of any substantial right which will be irrevocably lost if the State's entitlement to the preliminary injunction is not now reviewed, and since their contention that compliance with the Act's requirements violates their constitutionally guaranteed religious freedom goes to the heart of their legal challenge to the application of the Act itself and must await resolution at the final hearing when all facts upon which such resolution must rest can be fully developed.

**5. Appeal and Error § 3— constitutionality of statute as applied—challenge by pleadings and affidavits—appeal from interlocutory order**

Where a party seeks on no more than pleadings and affidavits to challenge the constitutionality of a statute, not on its face but as applied to that party, and pursues that challenge by attempting to appeal from an interlocutory order, an appellate court should be especially mindful of dangers inherent in the premature exercise of its jurisdiction.

**6. Appeal and Error § 3— determination of constitutional questions**

The Supreme Court will pass upon the constitutionality of a statute only when the issue is squarely presented upon an adequate factual record and only when resolution of the issue is necessary to determine the rights of the parties before it.

**7. Appeal and Error § 5.1— no right of appeal—dismissal of appeal on court's own motion**

Where an appealing party has no right to appeal, an appellate court should on its own motion dismiss the appeal even though the question of appealability has not been raised by the parties themselves.

DEFENDANTS appeal from the orders of *Judge Donald L. Smith* entered 11 December 1978 in WAKE Superior Court, overruling defendants' motion to dismiss and granting plaintiffs' motion for a preliminary injunction. The Court of Appeals affirmed on 4 September 1979. 42 N.C. App. 665, 258 S.E. 2d 459 (1979). Defendants appeal to this Court pursuant to G.S. 7A-30(1) (appeal as of right from a decision directly involving a substantial constitutional question). On 20 September 1979 we also allowed defendants' petition for discretionary review under G.S. 7A-31 and

granted defendants' petition for writ of supersedeas pending determination of the matter.

*Rufus L. Edmisten, Attorney General, by Andrew A. Vanore, Jr., Senior Deputy Attorney General, and Ann Reed, Special Deputy Attorney General, for the state.*

*Strickland & Fuller, by Thomas E. Strickland, and Lake & Nelson, P.A., by I. Beverly Lake, Jr., and I. Beverly Lake, for defendant appellants.*

EXUM, Justice.

This is a suit brought by the state for declaratory and injunctive relief against the class represented by the individually named defendants and "all others similarly situated." The state seeks a declaration that the defendants, church-operated day-care centers and their administrators, are subject to the provisions of the Day-Care Facilities Act of 1977 (Act), G.S. 110-85 *et seq.*, and prays for an injunction restraining defendants from operating any day-care facilities until such time as they shall, pursuant to the Act, obtain day-care licenses from the North Carolina Child Day-Care Licensing Commission. Defendants appeal from (1) the superior court's denial of their motion to dismiss, and (2) the superior court's granting of the state's motion for a preliminary injunction.

Upon a careful review of the record and oral arguments, we conclude that both the denial of defendants' motion to dismiss and the granting of the preliminary injunction constitute nonappealable interlocutory orders. Defendants' purported appeal therefrom should be dismissed and the Court of Appeals' opinion vacated. Accordingly, we dissolve our writ of supersedeas and remand the case to the superior court for further proceedings.

At the center of this controversy is the scope of the state's constitutional power to regulate certain aspects of the operation of child day-care centers by churches and religious organizations. The Act in question establishes under the Department of Administration the Child Day-Care Licensing Commission and provides for mandatory annual licensing by the Commission of any day-care center which provides care on a regular basis for more than four hours per day for more than five children, "wherever

operated and whether or not operated for profit." G.S. 110-86(3). Licenses are to be issued by the Secretary of Administration to operators of day-care facilities covered by the Act upon a showing of the facility's compliance with minimal standards relating to such matters as health and sanitation, capacity for emergency medical care, physical safety, staff-child ratio, and qualifications of facility staff. G.S. 110-91, 93. The purpose of these requirements is to ensure a "comprehensive approach" to the state's protection of "the growing number of children who are placed in day-care facilities" under the supervision and care of persons other than their parents or legal guardians. G.S. 110-85.

The record discloses that all of the individually named defendants were licensed in compliance with the Act sometime prior to the initiation of this suit. By verified complaint filed 20 October 1978, the state alleges that these defendants have now "asserted their refusal to be licensed or to apply for renewal of their licenses to operate day-care facilities" in accordance with the Act. The complaint prays both for a declaration that the Act may be applied to defendants without unconstitutionally interfering with their religious freedoms and for a preliminary and a permanent injunction restraining defendants from further noncompliance with the Act's provisions. Without filing answer, defendants moved on 7 December 1978 to dismiss the complaint on several grounds. On 11 December 1978 Judge Smith denied the motion to dismiss and allowed the state's motion for a preliminary injunction. Defendants appeal from these two orders.

## I. THE MOTION TO DISMISS

Defendants assert on appeal that Judge Smith should have granted their motion to dismiss on the following grounds: (1) the Act cannot be constitutionally applied to church-operated day-care centers; (2) defendant institutions are not "day-care facilities" as defined in the Act and hence are not subject to its provisions; (3) the state has failed to obtain proper venue and the superior court lacks subject matter jurisdiction; and (4) the case has not been and cannot be properly certified as a class action. Although Judge Smith's order of 11 December 1978 rejected each of these arguments, his denial of defendants' motion with regard to ground (3), improper venue and lack of jurisdiction, and ground (4), failure to certify class action status, was specifically "without

prejudice to defendants to file such additional motions as they think necessary should this action not be certified as a class action." The Court of Appeals affirmed Judge Smith's denial of the motion to dismiss and went on to hold, *inter alia*, that the challenged Act is constitutional on its face and as applied to defendants.

[1, 2] We note that the first two grounds asserted by defendants in support of their motion to dismiss clearly serve to attack the legal sufficiency of the state's complaint to set forth a claim upon which relief may be granted. As to these grounds, defendants' motion is properly characterized as one under G.S. 1A-1, Rule 12(b)(6). *See Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970); *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690 (1970). Ordinarily, a denial of a motion to dismiss under Rule 12(b)(6) merely serves to continue the action then pending. No final judgment is involved, and the disappointed movant is generally not deprived of any substantial right which cannot be protected by timely appeal from the trial court's ultimate disposition of the entire controversy on its merits. Thus, an adverse ruling on a Rule 12(b)(6) motion is in most cases an interlocutory order from which no direct appeal may be taken. *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974); *Godley Auction Co. v. Myers*, 40 N.C. App. 570, 253 S.E. 2d 362 (1979). In the case before us, we find that Judge Smith's refusal to allow defendants' motion to dismiss based upon grounds (1) and (2) above did not finally determine any issue in the case or threaten to impair any right of defendants that could not be later protected. As to those grounds, then, the denial of the motion to dismiss was clearly an interlocutory order from which any purported appeal is premature. G.S. 1-277; G.S. 7A-27.[1]

---

1. These statutes provide in pertinent part:

"§ 1-277. *Appeal from superior or district court judge.* — (a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

"§ 7A-27. *Appeals of right from the courts of the trial division:*

. . . .

[3] Nor did Judge Smith's denial of that part of defendants' motion "to dismiss" based upon ground (3), improper venue and lack of jurisdiction, and ground (4), lack of class action certification, constitute final judgments for purposes of appellate review. With regard to ground (3), defendants argue that the state must proceed under G.S. 110-104, which provides that injunctive relief against the continuing operation of a day-care center not in compliance with the Act may be sought in the superior court of the county in which the day-care center is located.[2] Defendants point out that while the present action was instituted in the Superior Court of Wake County, ten of the eleven day-care centers named in the complaint are situated in counties other than Wake. Thus, defendants contend, the state has not obtained proper venue under section 104 of the Act; the state has no "standing" to maintain an action for injunctive relief apart from the express provisions of the statutory plan; and the Wake County Superior Court therefore lacks jurisdiction over the subject matter of the suit. We cannot agree that defendants' quarrel with venue raises an issue of jurisdiction. Matters of venue do not *per se* trigger questions of jurisdictional power. And neither the spirit and intent of

---

(b) From any final judgment of a superior court . . . appeal lies of right to the Court of Appeals.

. . . .

(d) From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which

(1) Affects a substantial right, or

(2) In effect determines the action and prevents a judgment from which appeal might be taken, or

(3) Discontinues the action, or

(4) Grants or refuses a new trial, appeal lies of right directly to the Court of Appeals."

2. G.S. 110-104 reads in its entirety:

"*Injunctive relief.* — The Secretary or his designee is empowered to seek injunctive relief in the superior court of the county in which a day-care center is located against the continuing operation of that day-care facility at any time, whether or not any administrative proceedings are pending. The superior court may grant injunctive relief, temporary, preliminary or permanent when there is any violation of this Article, or of the rules and regulations promulgated by the Commission, which threatens serious harm to children in the day-care facility or when a final order to deny or revoke a license has been violated or when a day-care facility is operating without a license."

the Act nor section 104 permit, much less compel, a conclusion that the Act is intended to restrict the general statewide jurisdiction of the superior court or to limit the scope of relief normally available in declaratory judgment actions.[3] Defendants' motion "to dismiss" for lack of proper venue thus presents no challenge to the trial court's power to entertain the subject matter of the suit. At best, the motion serves only to question the propriety of the state's choice of Wake County as venue for the action. The motion should accordingly be treated as one to remove the action, not dismiss it. *Coats v. Hospital,* 264 N.C. 332, 141 S.E. 2d 490 (1965); *State ex rel. Cloman v. Staton,* 78 N.C. 235 (1878).

It is true that an appeal from a final denial of a motion for change of venue is not premature. *Coats v. Hospital, supra; Klass v. Hayes,* 29 N.C. App. 658, 225 S.E. 2d 612 (1976). In the instant case, however, the trial court's rejection of defendants' contentions both as to improper venue and failure to certify class action status was specifically without prejudice to defendants' right to file additional motions should class action certification ultimately be denied. Judge Smith's order in this regard was clearly tentative. He, in effect, postponed his ultimate response to the merits of both the venue and class action arguments raised by defendants. There is not the slightest suggestion in the record that defendants suffered any impairment of a substantial right by Judge Smith's interlocutory deferral of action. The order denying defendants' motion to dismiss on grounds (3) and (4) was thus not immediately appealable.

## II. The Preliminary Injunction

[4]   A similar analysis applies to defendants' appeal from Judge Smith's order granting the state's motion for a preliminary injunction. The purpose of a preliminary injunction is ordinarily to preserve the *status quo* pending trial on the merits. Its issuance is a matter of discretion to be exercised by the hearing judge after a careful balancing of the equities. Its impact is temporary

---

3. The mere existence of an alternate adequate remedy will not be held to bar an appropriate action for declaratory judgment. *See* G.S. 1A-1, Rule 57. And in many cases a preliminary injunction to maintain the *status quo* of the parties may be an appropriate form of interim relief ancillary to a pending suit for declaratory judgment. *See* 26 C.J.S. *Declaratory Judgments* § 111b and cases cited therein; *see, e.g., Campbell v. Church,* 19 N.C. App. 343, 199 S.E. 2d 34, *cert. denied,* 284 N.C. 252, 200 S.E. 2d 652 (1973).

and lasts no longer than the pendency of the action. Its decree bears no precedent to guide the final determination of the rights of the parties. In form, purpose, and effect, it is purely interlocutory. Thus, the threshold question presented by a purported appeal from an order granting a preliminary injunction is whether the appellant has been deprived of any substantial right which might be lost should the order escape appellate review before final judgment. If no such right is endangered, the appeal cannot be maintained. G.S. 1-277; *Pruitt v. Williams*, 288 N.C. 368, 218 S.E. 2d 348 (1975).

In the instant case, the order appealed from restrains defendants from operating day-care centers without complying with the licensing requirements of the Act. Since defendants have all held valid licenses in the past, the order serves only to ensure that they continue their previous compliance pending disposition of the case on its merits. Defendants offer no evidence of any substantial right which will be irrevocably lost if the state's entitlement to the preliminary injunction is not now reviewed. Their contention that further compliance with the Act's requirements violates their constitutionally guaranteed religious freedoms goes to the heart of their legal challenge to the application of the Act itself and must await resolution at the final hearing when all the facts upon which such resolution must rest can be fully developed. *Milk Commission v. Dagenhardt*, 261 N.C. 281, 134 S.E. 2d 361 (1964); *Carbide Corp. v. Davis*, 253 N.C. 324, 116 S.E. 2d 792 (1960). Under the facts of this case, defendants have no right to appeal from the order granting the preliminary injunction.

[5] Our refusal to allow defendants' appeal is not a surrender to technical requirements of finality. The statutes and rules governing appellate review are more than procedural niceties. They are designed to streamline the judicial process, to forestall delay rather than engender it. "There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veasey v. Durham*, 231 N.C. 357, 363, 57 S.E. 2d 377, 382 (1950). Where, as here, a party seeks on no more than pleadings and affidavits to challenge the constitutionality of a statute, not on its face but as applied to that party, and pursues that challenge by attempting to appeal from an interlocutory order, an appellate court should be especial-

ly mindful of the dangers inherent in the premature exercise of its jurisdiction.

[6] These considerations are particularly relevant in the context of the case before us. Defendants do not challenge the Act on its face. They strenuously argue, however, that the Act *cannot apply to them* without exceeding the bounds of certain constitutional limitations. More specifically, they contend that the operation of each day-care center is an integral part of the ministry of its supporting church and that the mandatory state licensing of the facilities violates the free exercise of their religion. With the exception of defendants' own affidavits, however, there is nothing in the record to guide the inquiry of this Court or of any other judicial tribunal into the degree to which defendants' day-care services are in fact religious activities warranting special constitutional protection. Nor does the record reveal any factual basis, save that suggested by general statements in the pleadings, upon which to determine the extent to which the Act's regulations do in fact interfere with defendants' allegedly religious conduct. In short, defendants' assertions in their affidavits have not been tested by cross-examination; their allegations have not been buttressed by the introduction of evidence; and there has been no resolution of the factual issues upon which defendants' constitutional claims are grounded.[4] Yet the validity of their constitutional argument can be measured on appeal only against a fully developed factual record which clearly delineates the nature and scope of the unconstitutional intrusion which defendants assert arises from the burden imposed by the Act. Such a record is essential to the proper determination of the constitutional infirmities, if any, of a statute's application to a particular situation. Absent such a record, our intervention is necessarily premature. This Court will pass upon the constitutionality of a statute *only when* the issue is squarely presented upon an adequate factual record and *only when* resolution of the issue is necessary to determine the rights of the parties before it. *Nicholson v. Education Assistance Authority*, 275 N.C. 439, 447, 168 S.E. 2d 401, 406

---

4. The trial court made no findings, nor would it have been appropriate for it to have done so, on those points which are central to defendants' claims on the merits. Such findings must await the final hearing and be based on evidence appropriately adduced at that time.

(1969); *Carbide Corp. v. Davis, supra,* 253 N.C. at 327, 116 S.E. 2d at 794.

**[7]** Where an appealing party has no right to appeal, an appellate court should on its own motion dismiss the appeal even though the question of appealability has not been raised by the parties themselves. *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978). We decline in this case to exercise our general supervisory power to consider the matters raised by the attempted appeals, *see, e.g., Consumers Power v. Power Co., supra,* 285 N.C. 434, 206 S.E. 2d 178, and accordingly dismiss the appeals *ex mero motu.* The decision of the Court of Appeals is vacated and the writ of supersedeas issued by this Court is hereby dissolved. Nothing expressed herein should be construed as an expression of our own opinion on the constitutional issues attempted to be raised by defendants. The case is remanded to the Court of Appeals to be further remanded to the superior court for further proceedings.

Vacated and remanded.