HOUSE OF RAEFORD FARMS, INC. v. CITY OF RAEFORD

No. 9216SC1118

(Filed 2 November 1993)

**Environmental Protection § 71 (NCI4th)— wastewater permit— notice of show cause hearing—assessment of penalties and costs unauthorized**

A municipality could not assess penalties and costs against an industrial user where the notice for the hearing was solely

for the industrial user to present evidence to show cause why its permit to discharge wastewater should not be revoked; furthermore, even if the notice had been sufficient in content to enable petitioner to meet the issues of civil penalties and enforcement costs, the city did not have the authority to assess such penalties and costs at the show cause hearing, since the proper procedure to recover such penalties and costs is for the city to commence an action in the General Court of Justice.

**Am Jur 2d, Pollution Control § 468 et seq.**

Appeal by plaintiff from judgments entered 22 July 1992 and 31 August 1992 in Hoke County Superior Court by Judge B. Craig Ellis. Heard in the Court of Appeals 6 October 1993.

*Jordan, Price, Wall, Gray & Jones, by Henry W. Jones, Jr. and Jeffrey S. Whicker, for petitioner-appellant.*

*Everett, Womble, Finan & Riddle, by W. Harrell Everett, Jr., for respondent-appellee.*

GREENE, Judge.

House of Raeford Farms, Inc. (petitioner) appeals from the dismissal of its petition for writ of certiorari to review penalties and costs assessed against petitioner by the City of Raeford (the City).

The record reveals that petitioner owns and operates a turkey slaughtering and processing business located in Raeford, North Carolina. On 1 July 1987, the City issued to petitioner Permit #5161, authorizing the discharge of wastewater into the City's sewage system in accordance with effluent limitations, monitoring requirements, and other conditions in the permit. In September, 1987, the City reduced petitioner's limits for Biochemical Oxygen Demand (BOD), and on 1 September 1989, the City issued to petitioner a new permit with reduced limits for BOD, Total Suspended Solids, and first-time limits for Chemical Oxygen Demand. These modifications forced petitioner to change its treatment process in order to comply with the new permit limits.

On 1 June 1990, the City issued a Show Cause Order regarding its previous 21 February 1990 Notice of Non-Compliance to petitioner. This Order stated that "[w]ithin 15 days from receipt of this notice, [petitioner] may request a hearing before the Superin-

tendent and at said hearing will be allowed to show cause as to why the [petitioner's] Permit #4161 [sic] should not be revoked." Counsel for petitioner requested a Show Cause Hearing by letter dated 7 June 1990, noting that his client "intends to show cause as to why its permit should not be revoked." Thomas A. Phillips (the Hearing Officer), by letter dated 20 June 1990, granted this request "to show cause as to why House of Raeford Farms, Inc. permit #5161 should not be revoked." On 25 July 1990, the Hearing Officer issued his decision which assessed $50,000 in penalties and $19,072.04 in enforcement costs against petitioner and ordered that failure to pay these sums within five days would result in the revocation of petitioner's permit. In addition, the Hearing Officer's decision required petitioner to post a $100,000 performance bond to insure substantial compliance with the permit and city ordinances despite petitioner's undisputed continuous compliance since 18 June 1990.

On 12 October 1990, petitioner filed an application for stay of the 25 July 1990 decision of the Hearing Officer and a petition for writ of certiorari in Hoke County Superior Court to review the assessments and requirements of the same decision. On 16 November 1990, the City moved to dismiss the petition for writ of certiorari, to strike certain allegations, and to deny the application for stay.

The trial court issued the writ on 20 December 1991 without prejudice to the City's motions to dismiss and motion to strike. After a hearing held 14 February 1992, the trial court granted the City's motion to dismiss the petition by judgment dated 22 July 1992. On 29 July 1992, petitioner moved for findings of fact and conclusions of law pursuant to N.C. R. Civ. P. 52(a)(2) and filed notice of appeal on 20 August 1992. The trial court issued a second judgment on 31 August 1992, making findings of fact and conclusions of law from which the plaintiff also appeals.

The issue presented is whether a municipality can assess penalties and costs against an industrial user where the notice for the hearing was solely for the industrial user to present evidence to show cause why its permit to discharge wastewater should not be revoked.

Our standard of review is whether the evidence before the Hearing Officer supported his decision since in proceedings of this

nature, the Hearing Officer is the fact finder, not the superior court. *Coastal Ready-Mix Concrete Co. v. Board of Commissioners of the Town of Nags Head*, 299 N.C. 620, 626-27, 265 S.E.2d 379, 383, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 106 (1980).

The administrative penalties in Section 18.125.0 of the City's Water and Sewage Ordinance provide that a Show Cause hearing shall be held within 15 days of notice which:

> shall be served on the user specifying the time and place for the hearing, **the proposed enforcement action**, and the reasons for such action, and a request that the user show cause why this proposed enforcement action should not be taken . . . the Superintendent . . . may issue an order to the user directing that . . . permission to discharge be revoked . . . . Further orders and directives as are necessary and appropriate may be issued.

*City of Raeford's Sewer Use and Pretreatment Ordinance* § 18.125.3 (1990) (emphasis added). When an ordinance provides the time, place, manner, and form of notice, the notice must conform with what is prescribed in the ordinance; otherwise, any action taken pursuant to the improper notice is invalid. 2 Am. Jur. 2d *Administrative Law* §§ 359, 360 (1962). Furthermore, the notice must be sufficient in content to enable the party to "prepare his defense or to meet the issue involved." *Id.* at § 360; *see Eugene McQuillin, The Law of Municipal Corporations* § 26.89 (3d ed. 1986) (administrative proceeding to revoke permit must be fair in that permittee must be fully apprised of claims against him).

Based on the 1 June 1990 Show Cause Order from the City, the letter dated 7 June 1990 from counsel for petitioner to the City, and the 20 June 1990 letter from the Hearing Officer to petitioner, there is nothing to indicate that any other matters besides the decision to revoke or not to revoke petitioner's permit were to be argued at the Show Cause Hearing. Because the only question properly before the City at the Show Cause Hearing was whether petitioner's permit should be revoked, the notice was insufficient to prepare petitioner to meet the issues of penalties and costs. Therefore, the Hearing Officer went beyond the scope of the hearing when he ordered petitioner to pay $69,072.04 in penalties and enforcement costs, and the order must be vacated. *See Garrison v. Miller*, 40 N.C. App. 393, 396, 252 S.E.2d 851, 853 (beyond scope of authority to declare policy unconstitutional when only question

presented at show cause hearing concerned continuation of temporary injunction), *disc. rev. denied*, 297 N.C. 452, 256 S.E.2d 805 (1979).

Furthermore, even if the notice had been sufficient in content to enable petitioner to meet the issues of civil penalties and enforcement costs, the City did not have the authority to assess such penalties and costs at a Show Cause Hearing. In this case, the Hearing Officer attempted to assess and collect civil penalties and enforcement costs; however, the proper procedure to recover such penalties and costs is for the City to commence an action in the General Court of Justice for Hoke County. *City of Raeford's Sewer Use and Pretreatment Ordinance* § 18.126.0. While the City argues in its brief that the language, "Further orders and directives as are necessary and appropriate may be issued," Section 18.125.3, gives the Hearing Officer authority to impose penalties and costs, we reject this contention since the specific procedure for recovering such penalties and costs is set out in Section 18.126. *See Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 155, 423 S.E.2d 747, 751 (1992) (where statute deals with subject in specific detail while another deals with same subject in general terms, specific statute controls absent clear legislative intent to contrary), *reh'g denied*, 333 N.C. 349, 426 S.E.2d 708 (1993). We do note, however, that the legislature passed N.C. Gen. Stat. § 143-215.6A(j), effective 1 October 1991, authorizing municipalities to assess civil penalties for violations of their respective pretreatment programs. Accordingly, the order of the Superior Court dismissing the petition for certiorari is reversed and the case remanded to the Superior Court for entry of an order vacating the City's assessment of penalties and costs.

Reversed and remanded.

Judges EAGLES and ORR concur.