### J. R. CARY CO. v. R. E. ALLEGOOD.

*Practice — Jurisdiction — Coram Non Judice — Consent of Parties.*

1. An objection to the jurisdiction can be made at any stage of a proceeding. .

2. Consent of parties cannot give jurisdiction where it does not attach under the Constitution and laws.

3. A Justice of the Peace has no jurisdiction to direct the application, by a Sheriff, of the proceeds of an execution issued by another Justice of the Peace upon the ground that the latter was null and void.

CIVIL ACTION tried before *Timberlake, J.,* at February 1897 Term of CRAVEN Superior Court, on an agreed statement of facts, which were in substance as follows:

On the 11th of September, 1896, Powell, Gwatheny & Co., obtained judgment against the defendant Allegood before S. R. Street, J. P., and executions were issued thereon on the same day; on the 6th day of November, 1896, the justice endorsed each of the executions as follows: "Execution renewed this Nov. 6th, 1896." The plaintiffs, Jno. R. Cary Co. and Old Dominion Paper Co., recovered judgments before William Colligan, J. P., on the 23d day of December, 1896, on which executions were issued on the same day and, together with the executions issued by Street, J. P., were on that day placed in the hands of the Sheriff, who made returns thereof on the 7th day of January, 1897. On the 24th day of December, 1896, Colligan, J. P., at the instance of Jno. R. Cary Co. and Old Dominion Paper Co., issued a rule or order requiring the Sheriff to show cause why the moneys received by him under the execution in his hands should not be paid John R. Cary Co., and the Old Dominion Paper Co., in preference to and prior to any other execution in his hands in favor of any other creditors of Allegood.

Upon the hearing of said rule by Wm. Colligan, J. P.,

iudgment was rendered, (the attorney for the said Powell Gwatheny & Co., being present as well as the said Sheriff of Craven county,) (in each of said notices in each of said actions) that John R. Cary Co., and the Old Dominion Paper Co., were entitled to the moneys arising under their execution in preference to Powell Gwatheny & Co., and the Sheriff was ordered to pay said moneys upon said executions. From said judgments and orders Powell Gwatheny & Co., appealed to the Superior Court.

The plaintiffs, Jno. R. Cary Co., and the Old Dominion Paper Co., contended that they had priorities over the executions issued in favor of Powell Gwatheny & Co., upon the grounds that the attempted renewal of executions in favor of Powell Gwatheny & Co., by the endorsement at the bottom of the executions was invalid and said executions were dormant and invalid when placed in the hands of the Sheriff.

His Honor held, that the judgments in favor of Powell Gwatheny & Co., should be first paid in full out of the proceeds of the execution. From such judgment Jno. R. Cary Co., and Old Dominion Paper Co., appealed.

*Messrs. C. R. Thomas* and *D. L. Ward,* for plaintiffs (appellants).

*Mr. H. C. Whitehurst,* for Powell Gwatheny & Co., appellees.

MONTGOMERY, J.    The Sheriff of Craven County levied upon and sold the property of a debtor under final process issued and delivered to him, on the same day, by two different justices of the peace—the execution creditors being different persons. One of the Justices had a rule served on the Sheriff ordering him to show cause why he should not pay over the proceeds of the execution sales to the creditors named in the executions which had issued from his court. Upon the hearing, the Justice ordered the Sheriff to pay the entire proceeds in his hands to the creditors in the executions

CARY v. ALLEGOOD.

which he had issued, on the ground that the executions which the other justice of the peace had issued were void in form and substance, and of no effect. So far as we know, that proceeding of the justice has no precedent in the jurisprudence of our State. It was in no sense analagous to the practice grown into use in this State through the tolerance of the courts by which sheriffs are advised as to the manner of the application of funds derived from sales under executions, where there are conflicting claimants. There, the advice is given upon the understanding that the executions themselves are regular and valid, and the only question being that of priority of payment. But in the matter before us, the plain purpose of the proceeding was to have an execution issued by one justice of the peace declared null and void by another justice. The justice who made the order had no jurisdiction in the premises. The counsel of the appellants in their brief insist that this court shall determine the law question involved in the case, regardless of the matter of jurisdiction, and urge as a reason therefor that all the parties interested agreed that His Honor should decide the law upon the agreed state of facts, and that also for the first time the question of jurisdiction was argued in this court. The objection to the jurisdiction is always in time. Consent of parties cannot give jurisdiction in cases where it does not attach under the Constitution and laws. This court has sometimes made decisions in cases where the matter was of great public interest when the appeals were irregular or premature, but it will give no opinion in any case where it appears that there is an entire lack of jurisdiction, as appears in this case.

Proceeding dismissed.