RUFUS L. PATTERSON, JOHN F. WILY AND J. LATHROP MOREHEAD, TRUSTEES U/W OF MRS. LUCY L. MOREHEAD, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, v. DURHAM HOSIERY MILLS, A. H. CARR, W. F. CARR, W. W. SLEDGE, T. L. BLAND, D. ST. PIERRE DuBOSE AND J. SPRUNT HILL, DIRECTORS.

(Filed 1 February, 1939.)

**1. Injunctions §§ 11, 12—**

Upon the hearing of an order to show cause why a temporary restraining order should not be continued to the hearing, the court has no jurisdiction to determine the cause on its merits, and the court's findings and conclusions are not *res adjudicata* as to the merits, even though at the final hearing the court hears the cause by consent.

**2. Appeal and Error § 50—**

Where an order continuing a temporary restraining order is affirmed on appeal by a divided Court, the decision is the law of the case only as to the continuance of the restraining order, the only matter presented for decision, and is not the law of the case as to whether the order should be made permanent on the final hearing on the merits.

**3. Corporations § 16—Preferred stockholder has vested right to declaration of dividends out of appropriate funds when earned.**

The holder of cumulative preferred stock upon which dividends are accrued for several years has a vested property right to the payment of the dividends by the corporation out of appropriate funds when earned, which the stockholder may enforce in equity, although such dividends are not a debt of the corporation until declared and although circumstances may postpone or prevent declaration of such dividends.

**4. Same: Constitutional Law §§ 18, 21—Vested right to declaration of dividends on preferred stock may not be destroyed.**

The right of a holder of cumulative preferred stock to have accrued dividends thereon declared by the corporation when earned is a vested property right which may not be divested without due process of law, and which may not be destroyed by legislative impairment of the contract out of which they arose, either directly or by authorizing the corporation to amend its charter.

**5. Same—Charter provisions held not to waive cumulative preferred stockholder's right to declaration of accrued dividends.**

The vested property right of a preferred stockholder to declaration of dividends when earned is subject to conditions arising out of the relation of the stockholder to other stockholders, to the corporation, and to its creditors, which might interfere with the fruition of the right to a declaration of dividends, but a charter provision requiring consent of three-fourths in interest of the preferred stockholders to the issuing of bonds or securities of prior or equal rank, is prospective in effect, and does not constitute a waiver of the right to the declaration of accrued, accumulated dividends, when earned, by permitting the interposing of new preferred stock by agreement of three-fourths of the preferred stockholders, nor does legislative authority to amend the charter extend to authority to defeat the vested right to the declaration of such dividends by amendment of the charter. C. S., 1131, 1156.

**6. Injunctions § 2—Injunction will lie to restrain issuance of new stock defeating right to accrued cumulative dividends on preferred stock.**

Defendant corporation proposed by charter amendment to alter its capital stock structure by purchase and exchange of new securities for its old cumulative preferred stock, and to issue common stock in satisfaction of accrued dividends on its old cumulative preferred stock. *Held:* Injunction will lie at the instance of a preferred stockholder to restrain such amendment which defeats the vested right to the declaration of accrued dividends on the old cumulative preferred stock by forcing the stockholder to accept therefor common stock or to stand by and have his stock displaced by new preferred stock, and plaintiff stockholder is not required to wait until dividends are about to be paid on the new preferred stock, since no immediate or certain right of action at law would be given by declaration of dividends on the new preferred stock, and since, if the amendment is merely unauthorized, it is *ultra vires* and subject to injunctive relief at the instance of a stockholder whose rights are endangered.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Spears, J.,* at September, 1938, Term of DURHAM. Affirmed.

The plaintiffs, as trustees, are the holders and owners of 112 shares of six per cent cumulative preferred stock in the defendant corporation. This stock was issued under the provisions of the charter of the company containing the 1929 amendment, which is as follows:

"6. Without the consent of at least three-fourths in interest of the preferred stock issued and outstanding, under the provisions of this amendment to the charter of this corporation, given in person or by proxy at a meeting especially called for that purpose, this corporation shall not: (a) Increase the amount of such Preferred Stock, nor issue any stock having any priority or preference over, or equality with such Preferred Stock; (b) Create any mortgage or other lien upon any part of the property of this corporation. This provision shall not apply to nor shall it prevent the giving of purchase money mortgages, or other purchase money liens, on property that may hereafter be acquired by the corporation, or the acquisition of property subject to mortgages or liens thereon, nor to the pledging by this corporation as security for loans made to it in the regular and current conduct of its business, of notes, accounts receivable, or other liquid assets owned by this corporation."

These provisions of the certificate of incorporation were printed on the back of each certificate of the six per cent cumulative preferred stock and became a part thereof.

Prior to the proposed rearrangement of its capital structure in 1937, the defendant company had issued and outstanding three classes of stock, to wit: six per cent cumulative preferred stock; common Class A stock, and common Class B stock, all issued pursuant to its charter, as amended in 1929.

In 1937, the board of directors adopted a resolution recommending a plan for the rearrangement of the capital stock structure of the corporation to be embodied in an amendment to its certificate of incorporation. The proposed plan of rearrangement contained in the resolution of the board of directors provided that the company offer to purchase from the holders of the six per cent cumulative preferred stock of the company one-third of their stock at the price of $30.00 per share; that the company issue a new Class A six per cent cumulative preferred stock, and that this be distributed to the holders of the old six per cent cumulative preferred stock of the company, share for share, in exchange for their unsold stock; that the company also distribute to the holders of the old six per cent cumulative preferred stock two shares of its non-par value Class B stock for each share of the old preferred stock sold to the company in complete satisfaction of all dividends accrued and unpaid upon the old preferred stock.

At the meeting of the stockholders, called for the purpose 30 September, 1937, the resolution adopted by the board of directors was ratified by more than three-fourths in interest of the preferred stock issued and outstanding, as provided in the certificate of incorporation.

About 98% of the holders of the preferred stock entered into the proposed arrangement, but the plaintiffs and some others like situated declined to accede to the arrangement, on the ground that it violated their vested rights with reference to accrued and accumulated dividends on their preferred stock; and brought this action to enjoin the consummation of the plan and to have it declared null and void in so far as it might affect their aforesaid rights; asking that the declaration and payment of dividends on any class of stock prior to the payment of the said accrued and unpaid dividends be declared in violation of said property rights; that an order be entered directing the defendants to pay and otherwise discharge the unpaid dividends above mentioned before the declaration and/or payment of dividends of any other class of stock of defendant corporation; that the defendants be enjoined and restrained from declaring and paying dividends out of surplus or net profits of the corporation, or otherwise, to any class of stock existing at the time of the institution of the action or thereafter issued prior to the payment, discharge, and satisfaction of the accrued and unpaid dividends on the six per cent preferred stock of the plaintiffs and other nonassenting shareholders.

A restraining order was issued on 31 March, 1938, returnable on 15 April, 1938, which by consent was heard before Judge Spears on 16 April, 1938; whereupon, Judge Spears entered an order finding certain facts and continuing the restraining order theretofore issued until the final determination of the action. From this the defendants appealed, and at the Spring Term, 1938, of this Court, the Court being equally divided, judgment of the Superior Court stood affirmed without becoming a precedent and the questions of law sought to be presented were undecided.

The cause came on for a final hearing before Judge Marshall T. Spears, at the September Term, 1938, of Durham County court, and was heard by consent upon the motion of the plaintiffs to make the restraining order theretofore issued perpetual. The cause was heard by consent without the intervention of a jury, and Judge Spears, finding appropriate facts, entered judgment that "the restraining order heretofore issued in this cause be and it is hereby made permanent, and the defendants are permanently enjoined from declaring and/or paying dividends on any stock of the defendant corporation until the accrued

dividends on $38.50 per share of 112 shares of the six per cent preferred stock of the plaintiff trustees and on the shares of the intervening plaintiffs are paid."

From this the defendants appealed, assigning errors.

*A. W. Kennon, Jr., and J. C. B. Ehringhaus for plaintiff trustees, appellees.*
*R. O. Everett for intervening appellees.*
*William W. Sledge and Fuller, Reade, Umstead & Fuller for defendants, appellants.*

SEAWELL, J. 1. One phase of this case came before this Court for a hearing at the Spring Term, and is reported as *Patterson v. Hosiery Mills, ante,* 24. At that time there was a three-to-three division of the Court, and, under our practice, the judgment of the court below stood affirmed, without authority as precedent. The plaintiffs now contend that the judgment of the court below, upon the hearing of the order to show cause why the injunction should not be continued to the hearing, is the law of the case, *res adjudicata,* and determines the matter at the final hearing.

The hearing upon the order to show cause was simply upon the question whether the restraining order obtained by the plaintiffs should be continued to the hearing on the merits. That order was interlocutory, not final, and appeal to this Court was upon the ground that it disposed of a substantial right of the defendants with respect to the continuance of the injunction. C. S., 640.

The judge hearing the order to show cause why the injunction should not be continued to the hearing had no jurisdiction to hear and determine the controversy on the merits, and his findings of fact and conclusions of law were but instruments of decision in the matter before him. These findings and conclusions were not authoritative as "the law of the case" for any other purpose, and the judgment or order was not *res adjudicata* on the final hearing in the court below, and was not invested with that character by any action or nonaction by this Court on appeal. North Carolina Practice and Procedure, McIntosh, page 993, section 876.

2. As a convenient approach to the merits of the subject under consideration, we must first examine the nature and status of the right which the plaintiffs conceive to be invaded by the defendants in the proposed issue of new preferred stock. The plaintiffs contend that the accrued accumulated dividends on their stock constitute a vested property right, not adversely affected by any charter agreement heretofore made or entered into by them; and within the protection of the consti-

tutional provisions against the impairment of the obligation of a contract and the taking of property without due process of law.

Dividends on common stock are not segregated from the assets of the corporation, so as to become the property of the stockholder, or a debt recoverable by action at law, until declared. In the absence of statute or charter provision requiring distribution, they may be passed into the surplus, remain undivided profits, or be reinvested in the corporate enterprise, at the sound discretion of the directors. While the preferred stockholder is not a creditor of the corporation until the dividend is declared, his right to that dividend stands upon a somewhat different footing. While as a matter of law the right to receive dividends, even on preferred stock, is made to depend on the actual existence of earnings, he has, in appropriate cases, a remedy in equity to compel the payment of his dividends; and we think, meantime, the right to their equitable protection. Dividends are cumulative under plaintiffs' stock, and the right to receive them out of earnings does not abate because they were not promptly declared. The right of the plaintiffs to receive dividends at the expiration of stated periods during which they are earned, and the maturing of the dates upon which the premiums were due, created a definite obligation on the part of the corporation to pay such dividends, out of appropriate funds, of course, which must be considered a vested property right, although circumstances might intervene to postpone or prevent its enjoyment.

We think the plaintiffs have here a vested property right, of which they may not be divested without due process of law, and which may not be destroyed by legislative impairment of the contract out of which they arose.

3. Not suffering such a degradation of quality as would destroy their character as property, rights of this kind are subject to many conditions arising out of the relation of the stockholder to other stockholders, to the corporation itself, and to its creditors, which might interfere with the fruition of the contract; but an examination of the charter, with the cited statutes in mind, convinces us that the condition sought to be imposed by the proposed amendment to the charter was not in contemplation of the parties at the time the contractual relation was created by the purchase of plaintiffs' stock; and we find nothing in the articles of incorporation, as they stood at that time, to indicate that plaintiffs subjected themselves to an express or implied waiver, or consented in advance to an amendment which would practically destroy the right to the accumulated dividends.

Indeed, upon reading and analyzing the statutes relied on by defendants as authority for the corporate amendment—C. S., 1131 and 1156—and reading therewith the pertinent provisions of the charter, we find

nothing in either inconsistent with the view that they are intended to be prospective with respect to dividends to be earned upon the stock. Whether the law itself makes the amendment, or as now, confers the power of amendment to the corporation, it will not be construed to operate retrospectively to the detriment of rights already vested under the old charter. *Greer v. Asheville,* 114 N. C., 678, 19 S. E., 635; *Fenner v. Tucker,* 213 N. C., 419, 423, 196 S. E., 357. A contrary construction of the statute, giving authority to the retroactive provisions of the charter amendment under consideration, would do violence to the Constitution and would compel us to view the proposed action as the taking of property without due process of law.

We find the statement of the Court in *Keller v. Wilson and Company,* 190 Atl., 115 (1936), an appropriate expression on this subject, under a statute which is at least as liberal toward corporate reorganization as ours:

"Section 26 of the General Corporation Laws is the section authorizing amendments of corporate charters. It authorizes nothing more than it purports to authorize, the amendment of charters. The cancellation of cumulative dividends already accrued through passage of time is not an amendment of a charter. It is the destruction of a right in the nature of a debt, a matter not within the purview of the section. The cancellation of the right to such dividends is foreign to the design and purpose of the section."

If the proposed amendment to the charter were such as to offer reasonable protection to plaintiffs' vested right in a mere change of form which would not render it less secure, as, for example, the offer of income dividend notes as was done in *Ainsworth v. Southeastern Drug Corp.,* 95 Fed. (2d), 172, cited in defendants' brief, much of the legal objection might be removed. In fact, the position of the stockholder with reference to his accrued dividends would be actually improved, since dividends are not the debt of the corporation until declared; *Power Co. v. Mill Co.,* 154 N. C., 76, 69 S. E., 747; but we do not consider that the alternative offered plaintiffs is a free choice or that it preserves their right. They have the choice of accepting in exchange for their accumulated dividends shares of the not-so-attractive common stock, or of standing aloof and seeing their stock displaced by a new issue, upon which the corporation intends to pay dividends in contravention of the vested prior rights of the plaintiffs. Or, if the suggestion is that the plaintiffs must delay action and stand pat on their legal rights until the injury becomes more imminent and the objectionable dividends are about to be paid, rather than enjoin the issue of the stock, we may say that, even then, plaintiffs' action must rest in equity, since the directors do not intend to declare a dividend and thereby give the

plaintiffs the right of an action at law. The whole scheme, from its initiation to its consummation, must be considered together, and this action is not premature.

If the proposed amendment is merely unauthorized with respect to its retroactive effect on plaintiffs' accumulated dividends, the threatened action of the corporation is at least *ultra vires* and subject to injunctive relief in an action by the stockholders whose rights are endangered. Either premise leads to the conclusion that the action of the trial court should be sustained.

The judgment is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.