HUGH MacRAE & COMPANY, INC., v. RICHARD A. SHEW and Wife, IDALORA W. SHEW.

(Filed 10 December, 1941.)

**1. Appeal and Error § 37e—**

Where there is sufficient competent evidence to support the findings of fact by the court, exceptions to such findings are untenable.

**2. Injunctions § 11—**

Where, upon a hearing of an order to show cause why the temporary restraining order should not be continued to the hearing, the court finds facts supporting its conclusions of law that plaintiffs are entitled to the relief sought, its order continuing the temporary injunction to the hearing is without error.

**3. Same: Courts § 1a—**

Upon the hearing of an order to show cause why a temporary restraining order should not be continued to the hearing, the court is without jurisdiction to adjudicate the merits of the controversy, nor may such jurisdiction be conferred by consent of the parties, and it is error for the court to grant plaintiffs a permanent injunction and tax defendants with costs.

**4. Courts § 1b—**

Objection to the jurisdiction may be made at any stage of the proceeding, even in the Supreme Court upon appeal.

Appeal by defendants from *Burney, J.,* at Chambers in Wilmington, 5 April, 1941.  From New Hanover.

*Rountree & Rountree and Harriss Newman for plaintiff, appellee.*
*J. A. Jones for defendants, appellants.*

Schenck, J.  This is an action to enjoin the defendants from building, constructing or maintaining a street, road or avenue over Lot 811, in a subdivision of land known as Magnolia Place, Cul-de-Sac Section, in alleged violation of restrictions in the deed from the plaintiff to the grantor of the defendants.

The plaintiff subdivided a tract of land into lots, which it sold to purchasers for building purposes.  The lot involved faced a cul-de-sac leading off from State Highway No. 74, between Wilmington and Wrightsville.  The deed from the plaintiff conveying this lot to the defendants' grantor contained, among other restrictions, the following:  "2. The property shall be used for residential purposes only; . . ."  Deeds from the plaintiff to other grantees for other lots fronting on the same cul-de-sac contained similar restrictions.  The plaintiff still owns yet other lots fronting on the cul-de-sac.

The defendants own a tract of 18 acres of land south of and contiguous to said Magnolia Place, Cul-de-Sac Section.  The defendants purchased and took title from one Donnell, who had taken title thereto from the plaintiff, said Lot No. 811, in Magnolia Place, Cul-de-Sac Section.  The deed from Donnell to the defendants contained no restrictions.

The defendants admit their intention to construct and have actually begun the construction of a street or roadway through said Lot No. 811, thereby connecting his 18-acre tract to the end of the cul-de-sac and over the cul-de-sac to the State Highway No. 74.

The question posed by the pleadings, evidence and admissions is:  Is the construction and maintenance of a road, street or highway over said Lot No. 811 a violation of the restrictions contained in the deed conveying the lot from the plaintiff to Donnell, and, if so, were such restrictions covenants running with the land, and therefore binding upon the defendants, who claim through Donnell by deed which contains no such restrictions?  And, further, if such restrictions are binding upon the defendants, do they exist for the protection of the plaintiff, who still owns some lots in the subdivision, so as to enable it to maintain an action to prevent their violation, or do they exist only for the protection of those who have acquired other lots in the subdivision by deeds containing similar restrictions, and who are not parties to this action?

The cause came on for hearing before his Honor at chambers, in Wilmington, out of term, upon an order to show cause why a temporary

restraining order should not be made permanent, and he found the facts practically as alleged in the complaint, and concluded as a matter of law that the plaintiff was entitled to the relief sought, and entered judgment that the defendants be permanently enjoined from constructing, building or maintaining a road, street or highway over said Lot No. 811, and directing that the defendants restore the said lot to its original condition and remove its tractors and other implements therefrom, and that the defendants pay the costs of the action.

Since there was sufficient competent evidence to support the findings of fact by the court, the exceptions to such findings are untenable, and since those facts sustain the conclusions of law reached by the court there was no error in the continuing of the temporary restraining order theretofore entered by Burgwyn, J., to the hearing.

But his Honor did more than that; he entered a judgment final in its nature, adjudging the merits of the controversy, in favor of the plaintiff, and taxed the defendants with costs. In so doing he exceeded his jurisdiction. "The judge hearing the order to show cause why the injunction should not be continued to the hearing had no jurisdiction to hear and determine the controversy on the merits, and his findings of fact and conclusions of law were but instruments of decision in the matter before him." *Patterson v. Hosiery Mills,* 214 N. C., 806, 200 S. E., 861. "When the judge below grants or refuses an injunction, he does so upon the evidence presented, and the only question is whether the order should be made, dissolved, or continued; he cannot go further and determine the final rights of the parties, which must be reserved for the final trial of the action." N. C. Prac. & Proc. (McIntosh), par. 876, p. 994, and cases there cited.

It is but just to the learned judge who heard the case to state that it appears in the record that counsel for the parties agreed that the court might "either make the temporary restraining order permanent or dissolve it at this hearing." However, since the judgment entered was beyond the jurisdiction of the judge sitting at chambers, such jurisdiction could not be conferred by agreement, and objection to the jurisdiction may be made at any stage of a proceeding, even in the Supreme Court, as has been done in the case at bar by appellants' third assignment of error. N. C. Prac. & Proc. (McIntosh), par. 6, p. 7, *Cary v. Allegood,* 121 N. C., 54, 28 S. E., 61.

The result is that the judgment must be modified so as to extend no further than to continue the restraining order to the hearing, and to leave the payment of the cost to the party finally cast.

The cause is remanded for judgment in accord with this opinion.

Modified and affirmed.