38832. IN THE MATTER OF: INQUIRY CONCERNING A JUDGE NO. 469.

PER CURIAM.

W. D. Josey, a Notary Public and Ex Officio Justice of the Peace,

respondent herein, mailed the following notice, directed to a named individual:

"W. D. JOSEY
N.P. Ex. Off. J.P. LAURENS COUNTY DISTRICT 342
230 EAST JACKSON STREET
DUBLIN, GEORGIA 31021

NOTICE!

[Addressee's name and address omitted]

"This is to advise you that your account payable to <u>Badcock</u> in the amount of $585.56 principle, and $30.00 cost, has been referred to this office for suit and final judgment.

"To save further cost and embarrassment, you have until the 7th day of <u>February, 1981,</u> 1970 to come by this office and render satisfaction of this matter, <u>or to show cause why the merchandise shouldn't be repossessed. Gold Table Lamp, Bean Bag, AM-FM Radio, Hotpoint Washer Ser. #159187, Utility Table, Columbia 26" 3 SP Boy's Bike Columbia 26" 3 SP Girl's Bike Cassette, Tape Recorder, Soundesign Traw. Radio</u>

"This <u>26th</u> day of <u>January,</u> 197 <u>81.</u>

/s/ <u>W. D. Josey</u>
N.P. and Ex. Off. J.P. (L.S.)"

The underscored portions of the notice represent materials added to the printed form by typewriter.

The Judicial Qualifications Commission gave respondent notice of a formal hearing, stating that among other things the Commission would inquire into:

(1) "Whether you sent out a quasi official notice over your official signature to a debtor intending that the debtor would view the notice as an official notice of your court"; and

(2) "Whether you are conducting a collection business in your capacity as Justice of the Peace."

A hearing was later scheduled for December 17, 1981. The respondent did not appear, and when contacted by telephone stated that he did not intend to be present at the hearing.

No proceedings were pending in respondent's court at the time the notice was sent. However, the document was headed by respondent's name and title followed by the word "NOTICE!"; it stated that "your account payable . . . has been referred to this office

for suit and final judgment"; it referred to costs which could not have accrued; it demanded that the alleged debtor pay the account on or before a certain date "or to show cause why the merchandise shouldn't be repossessed"; and it was signed by respondent in his official capacity. It is clear that respondent sent the notice intending that the alleged debtor view the notice as an official notice of respondent's court.

Moreover, the notice discloses that the amount of the claim was beyond the jurisdiction of a Justice of the Peace Court, and thus the respondent had no authority or jurisdiction to deal with the claim as a Justice of the Peace. It was therefore clearly improper for the respondent, in his capacity as Justice of the Peace, to inform the alleged debtor that the account had been referred "to this office for suit and final judgment," and to additionally inform the alleged debtor that $30 costs had accrued and "To save further cost and embarrassment, you have until the 7th day of February, 1981 . . . to come by this office and render satisfaction of this matter, or to show cause why the merchandise shouldn't be repossessed."

We consider this conduct on the part of a Justice of the Peace reprehensible. In sending out such a notice, not only did the respondent undertake to use the prestige of his office to collect an account over which his court had no jurisdiction, but the notice itself clearly was intentionally deceptive and as such is contrary to the integrity and impartiality demanded of a judge through all of the Canons. Such a notice would have been improper even had the amount of the account been within the jurisdiction of the respondent's court.

The form was printed and the printed portion reads in part: "To save further costs and embarrassment, you have until the —— day of ——, 1970 . . . " and "This —— day of ——, 197—." It was dated in 1981. This authorized the finding that the use of the printed form in this instance was not an isolated case, but that the form had been utilized by the respondent more than once and for a considerable period of time. In the absence of any explanation by respondent, the Commission was authorized to find that respondent was conducting a collection business in his official capacity.

The Commission recommends that respondent be suspended from office for a period of sixty days. We approve and adopt the recommendation of the Commission.

*All the Justices concur.*

DECIDED MAY 25, 1982.

*Holcombe Perry, Jr., Robert E. Hall,* for Judicial Qualifica-

tions Commission.