JOHN SHISHKO AND BELLE SHISHKO v. JOHN M. WHITLEY, SR. AND GROVER D. ELLIS, SR. AND HOLLY RIDGE AIRPORT, INC.

No. 824DC742

(Filed 1 November 1983)

**Injunctions § 12.2— motion to dissolve preliminary injunction—no jurisdiction to decide merits**

> The trial court has no jurisdiction to determine the merits of a case and grant permanent injunctive relief in a hearing on a motion to dissolve a standing preliminary injunction.

APPEAL by plaintiffs from *Martin (James N.), Judge.* Judgment entered 3 March 1982 in District Court, ONSLOW County. Heard in the Court of Appeals 13 May 1983.

The following is a summary of the pertinent facts and procedural history of this case, insofar as it can be determined from the record on appeal: plaintiffs initiated legal proceedings in this matter on 3 October 1980 by filing a complaint seeking a permanent injunction and a motion seeking a temporary restraining order against defendants Ellis and Whitley. The complaint and the motion asked the court to issue appropriate orders restraining and enjoining defendants from interfering with plaintiffs' use of a driveway or path. This driveway ran between plaintiffs' home and property and a state maintained road. It lay across defendants' intervening land, on which defendants had constructed an airstrip for light aircraft. Plaintiffs alleged that this driveway provided the only means of access from their property to the state road and that it had been in existence for more than 100 years and in continuous use by plaintiffs and their predecessors in title for more than 20 years. Plaintiffs alleged that defendants had obstructed the driveway and interfered with plaintiffs' use of it.

In addition to the injunctive relief, plaintiffs alleged and sought compensatory and punitive damages. The court issued the

temporary restraining order and scheduled a hearing on the motion for a permanent injunction on 13 October 1980.

On or about 10 October 1980, defendants filed countermotions for a temporary restraining order and a preliminary injunction preventing plaintiffs from crossing defendants' land. In support of their motions, defendants alleged that plaintiffs' driveway ran across the airstrip in an extremely dangerous place and that plaintiffs' use of the driveway had already caused two aborted landings. Defendants further alleged that plaintiffs had access to state roads by means other than across defendants' property. Defendants also filed a motion to dissolve the 3 October 1980 temporary restraining order on various procedural grounds and on the grounds that plaintiffs had access to a state road across their own property. Although it does not directly appear in the record, defendants apparently filed a timely answer, denying the material allegations of the complaint and making a counterclaim. The material allegations of the counterclaim apparently were denied in plaintiffs' response, which is included in the record, dated 28 April 1981.

From the allegations in a later motion and from the transcript of hearing in the record, we gather that the hearing on the motions was postponed and the temporary restraining order continued by consent until 8 May 1981.

After a hearing on the motions, the trial court granted defendants' motion for a preliminary injunction, also apparently denying plaintiffs' motion and dissolving the 3 October 1980 temporary restraining order. Further hearing on defendants' motion for a preliminary injunction was set for 26 May 1981 and plaintiffs were directed to amend their complaint to include Holly Ridge Airport, Inc., as a necessary party defendant. Plaintiffs filed a motion to amend their complaint on 13 May 1981.

What transpired at the 26 May 1981 hearing is not clear, no order or judgment or transcript of the proceeding appearing in the record. Apparently, plaintiffs did not properly amend their complaint and the preliminary injunction was allowed to remain in effect. On 26 May 1981, plaintiffs gave notice of appeal from the court's order of 8 May 1981, but this appeal was never perfected.

Thereafter, on 8 June 1981, defendants filed an answer to the amended complaint and a motion to dismiss for failure to comply with the 8 May 1981 order. On 15 June 1981, according to an allegation in a later motion, defendants made a request for an entry of default judgment against plaintiffs. On 16 July 1981, defendants filed motions for summary judgment and to dismiss for failure to prosecute the action. No immediate action was taken on these motions. All of the above occurred in District Court.

Plaintiffs filed an amended complaint in Superior Court on 28 December 1981, purportedly in compliance with the 8 May 1981 order. On 5 January 1982, plaintiffs filed motions to dissolve the 8 May 1981 preliminary injunction and for entry of a preliminary injunction against defendants. Defendants replied and moved to strike the motions on the grounds that the issues raised by them had been heard and determined on 8 May 1981. The Superior Court, Bruce, Judge, entered an order on 21 January 1982 finding that it had no jurisdiction to hear the motions and directing that the case be sent back to District Court.

On 19 February 1982, plaintiffs filed another amended complaint, incorporating Holly Ridge Airport, Inc., into the material allegations. The matter came for hearing on the pending motion to dissolve at the 1 March 1982 Session of District Court. Plaintiffs and defendants presented evidence and testimony.

Judgment for defendants was announced in open court at the close of the hearing. The court permanently enjoined plaintiffs from crossing over defendants' land. Plaintiffs gave notice of appeal at this time. On 11 March 1982, written judgment was entered finding that plaintiffs had failed to show "any express, implied or presumptive easement," and that their crossing defendants' land constituted a trespass and a hazard. On 12 March 1982, after judgment had been entered and signed, defendants filed their answer to the amended complaint of 19 February 1982. Plaintiffs appealed.

*Popkin and Coxe, by Samuel S. Popkin, for plaintiff appellants.*

*Bailey, Raynor & Erwin, by Frank W. Erwin, for defendant appellees.*

JOHNSON, Judge.

We concede at the outset that much of the long and complex procedural history of this case, summarized in pertinent part above, is unnecessary to a determination of the merits of this case. However, the record on appeal is so incomplete in certain respects that the merits are difficult to reach and a fair consideration of them nearly impossible. The record is complete enough, however, to show that the trial court had no jurisdiction to enter the judgment appealed from.

The judgment, as entered orally and in writing, purports to be a final judgment in all respects: it makes findings of fact and draws conclusions of law as to the merits of the case and enters the relief prayed for, a permanent injunction.

That the judgment purports to be final is apparent from the nature of the relief granted. A permanent injunction is an extraordinary equitable remedy and may only properly issue after a full consideration of the merits of a case. As such, the court has no authority to issue a permanent injunction in an interlocutory proceeding. *See Smith v. Rockingham*, 268 N.C. 697, 151 S.E. 2d 568 (1966) (improper for a judge to enter a permanent injunction in a pretrial conference). Accordingly, it is error for a court to issue a permanent injunction at a hearing to show cause why a temporary injunction or restraining order should not be continued. *MacRae & Co. v. Shew*, 220 N.C. 516, 17 S.E. 2d 664 (1941); *Register v. Griffin*, 6 N.C. App. 572, 170 S.E. 2d 520 (1969). "The judge hearing the order to show cause why the injunction should not be continued to the hearing had no jurisdiction to hear and determine the controversy on its merits. . . ." *Patterson v. Hosiery Mills*, 214 N.C. 806, 810, 200 S.E. 906, 908 (1939).

These cases stand for the proposition that the trial court has no jurisdiction to consider and determine the merits of a case and grant permanent injunctive relief in the context of a hearing to determine whether a temporary injunction or restraining order should continue in effect. In such situations, the only question properly considered is whether the order should be continued. *MacRae v. Shew, supra; Register v. Griffin, supra; see generally* 7 Strong's N.C. Index 3d, Injunctions, §§ 12.1, 12.2 (1977 and Supp. 1983); *but see In re Savings and Loan Assoc.*, 53 N.C. App. 326, 280 S.E. 2d 748, *disc. rev. denied*, 304 N.C. 588, 291 S.E. 2d 148

(1981) (judgment on the merits in a hearing on a motion to show cause not error where issue decided was solely one of law).

For the court below to consider the merits of the present case in the procedural context then existing was just as improper as in the situations in the cases cited *supra*. Although our research has disclosed no case that is directly on point, it follows logically that the jurisdictional constraints which determined the outcome in the above cases apply equally and for the same reasons where, as here, the court is considering a motion to dissolve a standing preliminary injunction. The preliminary injunction, like the temporary restraining order, is interlocutory and the question presented by the motion to dissolve is whether the injunction should continue in effect. In such cases, the court has no jurisdiction to proceed to the merits of the case, and jurisdiction may not be conferred by consent of the parties. *See MacRae v. Shew, supra.*

The record on appeal in this case does sufficiently indicate, by its inclusions as well as its omissions, that the hearing in question was not a hearing on the merits, but rather a hearing on the plaintiffs' motion to dissolve the 26 May 1981 preliminary injunction: (1) in their pleadings, both parties requested a jury trial as to all the issues involved but the hearing was before the judge and there is no indication that either party waived its right to a jury trial; (2) there is no indication that this matter was ever calendared for a trial on the merits in District Court at the 1 March 1981 Session; and (3) the amended complaint was not filed until after the hearing and after judgment had been entered and signed; defendant never having waived his right to file an answer. In their briefs, the parties proceed on entirely different perceptions of what the hearing was supposed to be. Plaintiff proceeds on the premise that the court had continued the preliminary injunction while defendant assumes that final judgment had been entered and a permanent injunction issued. Finally, and most convincingly, the transcript of the hearing affirmatively discloses that neither the parties nor the court clearly intended to proceed on the merits of the case or to determine finally the rights of the parties as regards this controversy. At the close of the hearing, the following colloquy took place between counsel for the parties and the trial judge:

Shishko v. Whitley

COURT: [after summarizing the evidence] . . . I must issue a *permanent injunction* against the plaintiffs to not go on the defendants' property. I know I can feel for both sides, but I think this is the law and what I have to uphold, and that is what I am going to do.

MR. POPKIN: Judge, was that a motion for a *permanent injunction* that we were hearing?

COURT: I think your motion was to dissolve the *restraining order* that I issued, and what I'm saying is I'm not dissolving it, which means the injunction is there. I mean it's a matter of semantics really, I suppose.

MR. POPKIN: I wasn't aware that Mr. Erwin was asking for that, I thought he was just asking to keep the *preliminary injunction* in effect.

COURT: I'll word it differently then. What I'm saying is this, the injunction that I previously entered in May is to remain in effect.

MR. ERWIN: Thank you.

MR. POPKIN: Thank you.

(Mr. Popkin conferred with his clients.)

MR. POPKIN: Your Honor, in the case I know the Court has granted the *preliminary injunction* against the Shishkos, but what type of security is the Court going to require of the defendants?

COURT: What sort of security of what nature?

MR. POPKIN: Pursuant to Rule 65 can I—

MR. ERWIN: May we approach the bench?

COURT: Yes, sir.

(Counsel and the Court conferred at the bench.)

COURT: This is a *permanent injunction,* in other words I'm telling you people to stay off somebody else's property, pure and simple, period, so no security is required for that. None is necessary, none is required.

MR. POPKIN: We would like to note our appeal from your Order.

[Emphasis added.]

Inasmuch as the trial court here had no jurisdiction to enter the judgment appealed from, that judgment must be vacated with the result that the preliminary injunction remains in effect until this matter is properly heard and considered on its merits. Further, neither this opinion nor the proceeding below is *res judicata* with respect to any of the substantive issues that might be raised on a subsequent proceeding. *Huggins v. Board of Education,* 272 N.C. 33, 157 S.E. 2d 703 (1967).

Vacated and remanded.

Judges HILL and PHILLIPS concur.