DIXIE WHITEHURST EVERETTE v. JOSEPH JUNIOR TAYLOR

No. 853SC163

(Filed 15 October 1985)

Injunctions § 12.2— hearing to continue T.R.O.— permanent injunction granted— error

    The trial court erred in an action arising from the attempted execution of a default judgment by granting a permanent injunction against proceeding under the judgment at a hearing on whether to extend a temporary restraining order. A permanent injunction may only be issued after a full consideration on the merit of the issues and a judge conducting a hearing to determine whether a temporary restraining order should be continued as a preliminary injunction has no jurisdiction to determine a controversy on its merits; moreover, jurisdiction cannot be conferred by consent of the parties. G.S. 1A-1, Rule 65.

APPEAL by plaintiff from *Reid, Judge.* Order entered 21 November 1984 in Superior Court, PITT County. Heard in the Court of Appeals 24 September 1985.

On 14 November 1979, the plaintiff was a passenger in an automobile operated by her husband when an accident occurred on Highway 903 south of Scotland Neck in Halifax County. The other vehicle involved in the collision was a 1972 Ford truck operated by an elderly man. According to the accident report and a citation given at the scene the driver of the truck was a sixty-six year old man named Joseph Junior Taylor.

On 27 August 1981, the plaintiff brought this action seeking to recover for damages suffered as a result of the accident. The original summons was returned unserved with a notation that Jo-

seph Junior Taylor was in prison in Raleigh. In November 1981, an alias and pluries summons was issued with more specific directions as to how to find the defendant. This summons was returned with an indication that it had been served by personally delivering a copy to the defendant. No answer was filed, and on 9 April 1982 an entry of default was made. On 12 May 1982, a judgment for $27,413.27 was entered in favor of the plaintiff.

On 22 February 1984, the plaintiff caused a Notice of Rights to Have Exemption Designated to be served upon the defendant. On 22 March counsel for Joseph Taylor requested a hearing. A hearing date was set but Joseph Taylor failed to appear, and all of his property was declared subject to execution. On 12 September an execution was issued, and on 16 October the Sheriff caused to be posted a Notice of Execution Sale for approximately 90 acres of land owned by Joseph Taylor.

On 15 November 1984, Joseph Taylor obtained a temporary restraining order prohibiting the sale. A hearing on an injunction was set for one week later. At the hearing Joseph Taylor admitted that he was the person involved in the accident, but stated that his name was not Joseph Junior Taylor but Joseph Lee Taylor. He further offered evidence that his son who was in prison in Raleigh was named Joseph Junior Taylor. He stated that he was not educated and when he received the papers addressed to Joseph Junior Taylor he sent them to his son in prison because he thought they were his. He also stated that he told the plaintiff's investigator that his name was Joseph Lee Taylor. The plaintiff offered into evidence the accident report and testimony tending to show that all the papers had been served upon the elder Mr. Taylor.

At the close of the hearing the trial court issued an order "forever enjoining . . . the plaintiff in this action . . . from executing or foreclosing on the ninety (90) acre farm owned by Joseph Lee Taylor . . ." because of the judgment in that action in which Joseph Junior Taylor was named as a defendant. From this order, plaintiff appealed.

*Battle, Winslow, Scott & Wiley, by Robert L. Spencer and V. Elaine Cohoon, for plaintiff-appellant.*

*Howard, Browning, Sams & Poole, by Myron T. Hill, Jr., for defendant-appellee.*

ARNOLD, Judge.

The plaintiff first contends the court erred in granting a permanent injunction when the only matter before the court was a hearing on whether to extend the temporary restraining order. We agree and vacate the permanent injunction.

It is apparent from the court's order that it has finally and absolutely determined adversely to plaintiff the issue regarding whether proper service was obtained against Joseph Taylor and the issue whether plaintiff should be barred from proceeding under this judgment against the person who admitted he caused the accident in question. A permanent injunction may only be issued after a full consideration of the merits of these issues. A judge conducting a hearing to determine whether a temporary restraining order should be continued as a preliminary injunction pursuant to Rule 65 of the Rules of Civil Procedure has no jurisdiction to determine a controversy on its merits. *Shishko v. Whitley*, 64 N.C. App. 668, 308 S.E. 2d 448 (1983). *See also Patterson v. Hosiery Mills*, 214 N.C. 806, 200 S.E. 906 (1939). Neither can the parties to an action confer this jurisdiction upon the trial court by granting consent to such a hearing. *MacRae & Co. v. Shew*, 220 N.C. 516, 17 S.E. 2d 664 (1941). Thus, it was error for the court to issue a permanent injunction at a hearing to show cause why a temporary restraining order should not be continued. *MacRae & Co. v. Shew*, 220 N.C. 516, 17 S.E. 2d 664 (1941). Because of this error, the order appealed from is vacated and the case is remanded to the trial court.

Vacated and remanded.

Judges WELLS and MARTIN concur.