22830

Richard BRADY, Benjamin Bentley and Centaur, Inc., Respondents v. James C. ANDERS, Solicitor, Frank Powell, Sheriff and their agents, Appellants.

(364 S. E. (2d) 467)

Supreme Court

*W. Gaston Fairey,* Columbia, *for respondents.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Edwin E. Evans, Asst. Atty. Gen. David C. Eckstrom,* and *Sol. James C. Anders,* Columbia, *for appellants.*

Heard Sept. 21, 1987.

Decided Jan. 25, 1988.

FINNEY, Justice:

The issue on appeal is whether a 1981 circuit court injunctive order is still in effect despite changes in the decisional and statutory law. The order enjoined appellants, Solicitor James C. Anders, Sheriff Frank Powell, and their agents from arresting respondents, Richard Brady and Benjamin Bentley, for violating the State's obscenity laws without first obtaining a judicial determination of obscenity. The trial court ruled that appellants' subsequent arrest of respondents violated the injunction. We affirm the circuit court's decision.

On May 8, 1981, the Honorable Walter T. Cox, III, issued an order enjoining appellants from arresting respondents for violating Section 16-15-270(a) of the obscenity statutes without a prior judicial determination of obscenity. S. C. Code Ann. § 16-15-270(a) (Supp. 1980). The injunctive order also provided that respondents would be given an opportunity to cease and desist from disseminating the obscene material prior to any arrest. S. C. Code Ann. § 16-15-320 (Supp. 1980). Appellant Anders filed a Notice of Appeal with respect to the 1981 injunctive order but later abandoned that appeal.

On April 26, 1986, appellants procured the arrests of respondents for violating Section 16-15-320. *Id.* Subsequently respondents moved before the Honorable Marion H. Kinon for a Rule to Show Cause why the 1981 order was not still in effect. Judge Kinon ruled that because appellants had not appealed the injunctive order, they remained bound under the doctrine of *res judicata,* and that respondents' arrests were violative of the injunction.

A continuing injunction is subject to modification upon a showing of significantly changed factual circumstances or substantive changes in the statutory or decisional law. *See, United States v. Swift,* 286 U.S. 106, 52 S. Ct. 460, 76 L. Ed. 999 (1932). When evidence of a change in facts or the law is presented, the court which rendered the permanent injunction has the inherent power or authority to vacate or modify the injunction. *Neal v. Darby,* 282 S. C. 277, 318 S. E. (2d) 18 (Ct. App. 1984). Before arresting respondents, appellants never sought to have the court of

original jurisdiction modify or terminate the 1981 injunction. Appellants' failure in this regard mandates affirmation of the trial court's decision.

We note for the record that § 16-15-270 was passed by the General Assembly in 1978 and subsequently amended. S. C. Code Ann. § 16-15-270 (1986). However, Sections 16-15-270 and 320 were repealed by the General Assembly's Act 168 on October 7, 1987. S. C. Act 168 of 1987. In 1982, this Court decided *State v. Barrett*, 278 S. C. 92, 292 S. E. (2d) 590 (1982), and held that Section 16-15-270 served as a limitation upon the search and seizure of allegedly obscene material but was not a limitation upon obscenity prosecutions. 278 S. C. 92, 97-98, 292 S. E. (2d) 59, 593. Subsequently, the United States Fourth Circuit Court of Appeals ruled in *Olson v. Leeke*, 744 F. (2d) 1061 (4th Cir. 1984), that the constitution does not require a "pre-indictment civil determination that material is obscene." *Id.*, at 1062. Hence, the repeal of the statutes and the decisions in *Barrett* and *Olson* may constitute sufficient changes in the law to support termination or modification of the 1981 injunction upon a proper showing.

Because the injunctive order is still in effect, we affirm the circuit court's decision invalidating respondents' arrests and dismissing the charges against respondents and their agents.

Affirmed.

NESS, C. J., and GREGORY, HARWELL. and CHANDLER, JJ., concur.