24160

BEAUFORT COUNTY, Respondent v. Donald S. BUTLER, Appellant.

(451 S.E. (2d) 386)

Supreme Court

*Gilbert Scott Bagnell* and *Edward A. Frazier, Finkel, Goldberg, Sheftman & Altman, P.A.*, Columbia, *for appellant.*

*Ladson F. Howell* and *Stephen P. Hughes, Howell, Gibson & Hughes, P.A.*, Beaufort, *for respondent.*

Heard Oct. 5, 1994.

Decided Nov. 28, 1994.

WALLER, Justice:

Appellant, Donald Butler, appeals an order permanently enjoining him from harvesting timber on his property. We affirm the grant of an injunction.

## FACTS

A Beaufort County Ordinance prohibits property owners from removing tress with trunks in excess of 8″ if the removal is done "in contemplation of development," unless the property owner first obtains a development permit. Timber harvesting is exempt from the permitting requirement if not done in contemplation of development.

Butler owns a large parcel of land known as Laurel Hill Plantation in Beaufort County. He originally planned to develop the parcel as a marina and golf course and placed stakes throughout the property indicating hole numbers and designating hole numbers, "dogleg," center line fairway, etc. Unable to arrange financing for the golf course, Butler decided to put development of Laurel Hill "on hold" and harvest timber on the property to obtain working capital. When the Beaufort County Development Administrator (County) learned that Butler's timber harvesting was following the layout of the proposed golf course, it sought, and obtained, an *ex parte* Temporary Restraining Order (TRO) requiring Butler to cease further cutting pending a hearing on a permanent injunction on November 22, 1993, one week *after* issuance of the TRO.

At the November 22 hearing, the parties stipulated that it would serve as a trial on the merits. The trial judge, finding Butler's tree harvesting was being done "in contemplation of development," held Butler in violation of the ordinance and issued an injunction permanently enjoining his tree cutting.

One week later, Butler moved for rehearing or a new trial. The motion was denied.

## ISSUE

The sole issue we address is whether the court erred in conducting a merits hearing one week after issuance of the TRO.

## DISCUSSION

Initially, Butler contends the court lacked subject matter jurisdiction to hear the matter less than 120 days from the filing of the summons and complaint, as required by Rule 40(b)(2), SCRCP. We disagree.

The 120-day period dictated by Rule 40(b)(2), SCRCP, ■ is a procedural right which may be waived. *Paschal v. Causey*, 309 S.C. 206, 420 S.E. (2d) 863 (Ct. App. 1992). A party who fails to object to the trial of a case and affirmatively agrees to its trial at a designated time cannot later assert that the trial court erred in trying the case before the close of the statutory period. *Id. See also Windham v. Honeycutt*, 279 S.C. 109, 302 S.E. (2d) 856 (1983).[1]

Butler also asserts the trial court was without subject matter jurisdiction to enter a **permanent** injunction at the hearing to determine whether the TRO should be **continued**. We disagree.

As a general rule, a permanent injunction should not ■ be issued on an application for a preliminary injunction. *Transcontinental Gas v. Porter*, 252 S.C. 478, 167 S.E. (2d) 313 (1969); 43A CJS *Injunction* § 234 (1976). However, a permanent injunction may be entered where there has been a consolidation of the hearings pursuant to a rule of court or where the parties have consented to consolidation. *Id; see also*

---

[1] Butler also contends the order of Chief Justice Harwell appointing Judge Kemmerlin special circuit court judge requires 120-day period before hearing a case. We disagree. The 120-day period merely tracks Rule 40(b)(2) and may be waived.

*Roberts v. Union County Board of Trustees,* 284 S.C. 299, 326 S.E. (2d) 163 (Ct. App. 1985).[2]

Butler asks this Court to follow North Carolina law and hold that a hearing to determine whether a TRO should be continued may not be transformed into a merits hearing by consent of the parties. *Everette v. Taylor,* 77 N.C. App. 442, 335 S.E. (2d) 212 (1985). In *Everette,* the North Carolina Court of Appeals held the trial court was without jurisdiction to hold a merits hearing on consent of the parties. However, research reveals no other jurisdiction adopting this view, and North Carolina itself has recognized that there is no other caselaw which holds this to be a jurisdictional defect which cannot be waived. *Shishko v. Whitley,* 64 N.C. App. 668, 308 S.E. (2d) 448, 451 (1983). We decline to adopt the rule enunciated in *Everette.*

Aside from being an anomaly, North Carolina's view is inconsistent with established procedure in this state. It has long been accepted practice in South Carolina for attorneys to consent to a merits hearing at the hearing for a preliminary injunction. Such a procedure provides for an expeditious resolution of the matter and eliminates the need for a future hearing at which no further material facts would be gleaned.[3] Accordingly, we hold that the parties were properly permitted to stipulate to a hearing on the merits.

Finally, since counsel for Butler consented to the merits hearing, and the remainder of issues raised by Butler on appeal were not raised at that hearing, they are not preserved for review. *Cook v. S.C. Dept. of Highways and Public Transportation,* 309 S.C. 179, 420 S.E. (2d) 847 (1992). (Issues not timely raised to and ruled upon by trial court will not be addressed on appeal); *Hoffman v. Powell,* 298 S.C. 338, 380 S.E. (2d) 821 (1989) (Constitutional issues must be timely raised to be preserved for appeal). Accordingly, we decline to address the remaining issues.

---

[2] Under the Federal Rules of Civil Procedure a court may, on its own motion, consolidate a hearing on a motion for a preliminary injunction with a merits hearing. Fed. R. Civ. P. 65(a)(2); Gellman v. State of Maryland, 538 F. (2d) 603 (4th Cir. 1976).

[3] Of course, if a party or his attorney has not had adequate preparation time, then consent to a merits hearing need not be given.

The grant of a permanent injunction[4] is

Affirmed.

CHANDLER, and C.J., FINNEY, TOAL and MOORE, JJ., concur.

---

[4] Contrary to Butler's assertion, our holding does not prohibit him from ever cutting the trees on his property. Should circumstances change, he may move to have the injunction dissolved. Brady v. Anders, 294 S.C. 342, 364 S.E. (2d) 467 (1988) (Injunctive order may be dissolved in discretion of court upon showing of significant change of circumstances). Alternatively, if he truly intends to "harvest" trees, he may bring a declaratory judgment action to determine whether his tree cutting is within the ordinance's purview. S.C. Code Ann. § 15-53-10 (1976). Lastly, if Butler seeks to develop the property, he may apply to County for a permit.