THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jose and Cynthia Hernandez,       
Appellants,
 
 
 

v.

 
 
 
Town of Mt. Pleasant Board of Zoning Appeals & Mark Sargeant in his 
 official capacity as zoning administrator,       
Respondents.
 
 
 

Appeal From Charleston County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2004-UP-334
Heard April 6, 2004  Filed May 17, 
 2004

AFFIRMED

 
 
 
Thomas R. Goldstein, of Charleston, for Appellants.
R. Allen Young, of Mt. Pleasant; and Frances Isaac Cantwell, 
 of Charleston, for Respondents.
 
 
 

PER CURIAM:  Jose Hernandez and Cynthia 
 Hernandez appeal the circuit courts order affirming the denial of a zoning 
 variance by the Mt. Pleasant Board of Zoning Appeals and dismissing their claims 
 for violation of their rights to due process and equal protection.  We affirm.
FACTS
The Hernandezes own a 7.7-acre lot in 
 a subdivision in Mt. Pleasant.  Originally, the unified lot extended from frontage 
 on Bampfield Drive to frontage on Coinbow Drive, with a lake in the middle of 
 the parcel.  Now, however, because the Hernandezes sold highland around the 
 perimeter of the lake to adjoining property owners, the lake bisects the Hernandezes 
 lot, separating the highland fronting Coinbow Drive from the highland fronting 
 Bampfield Drive.  The Herndandezes home is on the Coinbow Drive side of the 
 parcel of land.  They decided to subdivide the parcel and create a new lot on 
 the Bampfield Drive side of the lake.  
The new lot is a roughly triangular shaped highland 
 by the lake with a 25 feet by 172 feet corridor leading to Bampfield Drive.  
 Under the towns zoning ordinances, the lot is classified as a flag lot.  Neither 
 party disputed this classification during the hearing before the circuit court.  
 A flag lot is one failing to meet the minimum lot width for the applicable zoning 
 district, as measured at the front setback building line.  The new lot would 
 be 25 feet wide at the setback line as opposed to the required 80 feet for the 
 zoning district.  
The Hernandezes applied for a variance from the 
 ordinance to allow them to create the new lot.  At the hearing before the Board 
 of Zoning Appeals, the neighboring property owners objected to the granting 
 of the variance.  The Board denied the variance request, finding the proposed 
 lot to be a detriment to the surrounding property values.  
The Hernandezes then appealed the Boards decision 
 to the circuit court, challenging the merits of the decision, the constitutionality 
 of the procedure for hearing variance requests, and the constitutionality of 
 the ordinance banning flag lots and asserting a takings claim.  The circuit 
 court held the Board of Zoning Appeals committed no error of law in hearing 
 or processing their variance application.  It found ample evidence in the record 
 to support the Boards denial of the variance.  The court found no merit to 
 the Hernandezes contention that they were denied procedural and substantive 
 due process.  The court also rejected their argument that the Town zoning regulations 
 that exclude flag lots are unconstitutional.  The court held the new lot was 
 not entitled to grandfathered status.  Finally, in its amended order, the court 
 held the Hernandezes takings issue was premature and dismissed it without prejudice.  
 This appeal followed.
LAW/ANALYSIS
Appellants argue the circuit court erred in affirming 
 the decision of the Board.  We disagree.

 I.       Denial of variance

The South Carolina Local Government Comprehensive 
 Planning Enabling Act (Zoning Enabling Act) sets forth the standard of review 
 for appeals from local zoning boards of appeal:  The findings of fact by the 
 board of appeals must be treated in the same manner as a finding of fact by 
 a jury.  S.C. Code Ann. § 6-29-840 (2004).  In determining the questions presented 
 by the appeal, the court must determine only whether the decision of the board 
 is correct as a matter of law.  Id.  Thus, the factual findings of the 
 zoning board will not be disturbed unless there is no evidence in the record 
 to support its decision.  Heilker v. Zoning Bd. of Appeals for the City of 
 Beaufort, 346 S.C. 401, 406, 552 S.E.2d 42, 45  (Ct. App. 2001).  
The Zoning Enabling Act empowers the Board 
 to hear and decide appeals for variance from the requirements of the zoning 
 ordinance when strict application of the provisions of the ordinance would result 
 in unnecessary hardship.  S.C. Code Ann. § 6-29-800(2) (2004).  The Board may 
 grant such a variance upon making and explaining in writing the following factors:

(a) there are extraordinary and exceptional conditions pertaining 
 to the particular piece of property;
(b) these conditions do not generally apply to other property 
 in the vicinity;
(c) because of these conditions, the application of the ordinance 
 to the particular piece of property would effectively prohibit or unreasonably 
 restrict the utilization of the property; and
(d) the authorization of a variance will not be of substantial 
 detriment to adjacent property or to the public good, and the character of the 
 district will not be harmed by the granting of the variance.

S.C. Code Ann. § 6-29-800(2) (2004).  
In order to grant a variance, the Board must make 
 the factual determination that each of these four elements favors granting the 
 variance. Restaurant Row Assocs. v. Horry County, 335 S.C. 209, 215, 
 516 S.E.2d 442, 445 (1999).  Granting a variance is an exceptional power which 
 should be sparingly exercised and can be validly used only where a situation 
 falls fully within the specified conditions.  Id. at 215, 516 S.E.2d 
 at 445-46. The party seeking the variance bears the burden of demonstrating 
 all four of the above elements.  Id. at 216, 516 S.E.2d at 446.  
In the present case, the Board held that although 
 the Hernandezes had met the first three elements of a variance, they had not 
 met their burden of establishing that the variance would not be a substantial 
 detriment to adjacent property or to the public good and the character of the 
 district would not be harmed by the granting of the variance.
The Hernandezes assert the Board erred in considering 
 the objections of the neighboring property owners. 
 [1]   We find no error in the Boards consideration of this testimony.  
 Section 6-29-800(2) requires the Board to determine whether the authorization 
 of a variance will be detrimental to adjacent property.  Accordingly, the neighbors 
 testimony concerning the negative effect the granting of the variance would 
 have on their property values and the character of the district was relevant 
 to the Boards consideration of this fourth element and was entitled to as much 
 weight as the Board deemed to accord it.  
Considering the entire record, we find 
 sufficient evidence to support the Boards decision to deny the variance.  Testimony 
 from the adjacent property owners revealed concerns for drainage, overcrowding, 
 the loss of a substantial number of large trees, removal of yard debris, and 
 a negative effect on property values should the new lot be approved.  Accordingly, 
 we hold the circuit court correctly affirmed the Boards decision as evidence 
 exists in the record supporting the Boards decision.

 II.        Violation of rights to due process and equal protection

The Hernandezes argue the proceedings below violated 
 their rights to due process and equal protection.  At oral argument, the Hernandezes 
 counsel stated the Hernandezes were abandoning their challenges to the constitutionality 
 of the Zoning Enabling Act and the municipal ordinance banning flag lots and 
 proceeding only on their arguments that their rights were violated by the application 
 of the statute and ordinance in their case.  
The fundamental requirement of due process is 
 the opportunity to be heard at a meaningful time and in a meaningful manner. 
 South Carolina Dept of Soc. Servs. v. Beeks, 325 S.C. 243, 246, 481 
 S.E.2d 703, 705 (1997).  Due process is flexible and calls for such procedural 
 protections as the particular situation demands.  Stono River Envtl. Protection 
 Assn v. South Carolina Dept of Health and Envtl. Control, 305 S.C. 90, 
 94, 406 S.E.2d 340, 342 (1991).  The requirements of due process include notice, 
 an opportunity to be heard in a meaningful way, and judicial review.  German 
 Evangelical Lutheran Church of Charleston v. City of Charleston, 352 S.C. 
 600, 608, 576 S.E.2d 150, 154 (2003).
The Zoning Enabling Act sets forth the procedure 
 for a hearing before the  Zoning Board of Appeals on a zoning variance request.  
 S.C. Code Ann. § 6-29-800 (2004).  An appeal from the Boards decision is to 
 the circuit court, which has appellate jurisdiction only.  S.C. Code Ann. §§ 
 6-29-820 and 6-29-840 (2004).  The circuit court may not take additional evidence.  
 § 6-29-840.  
The Hernandezes contend the hearing before the 
 Board was unfair.  We disagree.  
The Hernandezes were provided with an opportunity 
 to be heard in a meaningful manner.  They were allowed to present their position 
 to the Board.  Furthermore, as found above, the Board did not err in allowing 
 the neighboring property owners to voice their objections to the variance request 
 as their concerns were relevant to the Boards determination of whether the 
 request met all of the statutory factors necessary for the granting of a variance.  
 The Hernandezes were also afforded judicial review by their appeal to the circuit 
 court.  We hold the Hernandezes received all of the procedural protections afforded 
 them under the Zoning Enabling Act.
The Hernandezes also raise another due process 
 issue by asserting that as the Hobcaw subdivision plat was approved prior to 
 the enactment of the flag lot ordinance, the ordinance should not be allowed 
 to deprive them of all economic use of the land. 
 [2] 
A landowner only acquires a vested right to continue 
 a nonconforming use if that use is already in existence at the time his property 
 is zoned.  Friarsgate, Inc. v. Town of Irmo, 290 S.C. 266, 269-70, 349 
 S.E.2d 891, 893 (Ct. App. 1986).  [A] contemplated use of property by a landowner 
 on the date a zoning ordinance becomes effective to preclude such a use is not 
 protected as a nonconforming use.  Id.  at 269, 349 S.E.2d at 893. 
At the time the Town of Mt. Pleasant enacted the 
 ordinance prohibiting flag lots, the Hernandezes property was considered one 
 lot and was in conformance with the ordinance.  The Hernandezes made no attempt 
 to subdivide their lot to create the nonconforming flag lot until after the 
 enactment of the ordinance.  Accordingly, as their use of the property as a 
 separate lot was at the most merely contemplated at the time of the enactment 
 of the ordinance, they are not entitled to any protection from enforcement of 
 the ordinance.  
The Hernandezes next assert 
 their rights to equal protection were violated by enforcement of the ordinance 
 prohibiting flag lots because although they are not being permitted to create 
 a flag lot, there are five flag lots in the immediate vicinity of their property.  
 The record reveals, however, that these lots were all created either prior to 
 the area being annexed into the Town of Mt. Pleasant or prior to the enactment 
 of the ordinance prohibiting flag lots.  As such, this is not a case of disparate 
 treatment of similarly situated individuals.
Finally, the Hernandezes 
 suggest they were denied the variance because Mr. Hernandez is Hispanic.  As 
 this issue was neither raised to nor ruled on by the circuit court, it is not 
 preserved for our review.  See Beaufort County v. Butler, 316 
 S.C. 465, 468, 451 S.E.2d 386, 388 (1994) (stating constitutional claims must 
 be raised and ruled upon below to be preserved for appeal).  
Accordingly, the 
 decision of the circuit court affirming the Boards decision to deny the Hernandezes 
 request for a variance is 
AFFIRMED.
HUFF and STILWELL, JJ., and
CURETON, A.J., concur.

 
 
 
 [1]   The Hernandezes cite to Boulevard Dev. and St. Johns Inn v. 
 City of Myrtle Beach, Op. No. 2001-UP-091 (S.C. Ct. App. filed Feb. 13, 
 2001).  Rule 239(d)(2), SCACR provides, Memorandum opinions and unpublished 
 orders have no precedential value and should not be cited except in proceedings 
 in which they are directly involved.  

 
 
 
 [2] As the parties have agreed to reserve the Hernandezes takings claim 
 until after the resolution of their variance appeal, we will treat this argument 
 as an assertion that their lot should be grandfathered under the ordinance, 
 as it was addressed by the circuit court.