22071

FLORENCE COUNTY DEMOCRATIC PARTY, by Benjamin D. MOORE, Chairman, and Florence City Democratic Party, by Richard L. Granger, Chairman, Respondents, v. Mordecai C. JOHNSON, Appellant.

(314 S. E. (2d) 335)

Supreme Court

*Benjamin D. Moore,* Florence, *for appellant.*

*Mordecai C. Johnson,* Florence, *Frank E. Cain, Jr.,* Bennettsville, and *John Roy Harper II,* Columbia, *for respondent.*

. March 28, 1984.

GREGORY, Justice:

Appellant Mordecai C. Johnson appeals from an order of the circuit court restraining him from offering or campaigning in the general election held on May 5, 1981, for Seat One of the Florence City Council and prohibiting him from having his name placed on the ballot for the general election. We affirm.

In March 1981, appellant filed for Florence City Council Seat One and signed a candidate's Notice and Pledge which stated:

> I hereby file my notice as a candidate for the nomination as City Council District #1 Seat in the primary

election to be held on March 17. I affiliate with the Democratic Party, and I hereby pledge myself to abide by the results of said primary and I authorize the issuance of an injunction upon ex parte application by the party chairman, as provided by law, should I violate this pledge by offering or campaigning in the ensuing general election for election to this office or any other office for which a nominee has been elected in said party primary election, unless the nominee for any such office has become deceased or otherwise disqualified for election in said ensuing general election.

Appellant came in last on the ballot in the primary election.[1]

Thereafter, respondents Benjamin D. Moore, as chairman of the Florence County Democratic Party, and Richard L. Granger, as chairman of the Florence City Democratic Party, brought this action alleging Johnson had authorized the commencement of a petition drive to have his name placed on the ballot for the general election for City Council Seat One and requesting Johnson be restrained and enjoined from offering or campaigning in the election. The circuit judge issued an order restraining and enjoining Johnson from doing so, relying generally, on S. C. Code Ann. § 7-11-210 (Cum. Supp. 1983).[2] Johnson appeals, alleging numerous errors.

First, Johnson contends § 7-11-210 of the Code is unconstitutional on the ground that it "unlawfully delegates state power to a private citizen." We disagree.

Article II, Section 10 of the South Carolina Constitution provides:

---

[1] Three black candidates, including Johnson, and one white candidate campaigned for Seat One. One of the black candidates and the white candidate faced a run-off election. The black candidate was nominated.

[2] The circuit judge also quoted in his order at great length, a 1976 unpublished order of a three judge court for the District Court of South Carolina, United States District Court, *White v. West* (Civil Action 74-1709). The court was composed of Clement F. Haynsworth, Jr., Chief Judge, United States Circuit Court; Donald S. Russell, United States Circuit Judge; and Robert F. Chapman, United States District Judge. That case involved facts similar to this case. The court found the candidate's notice and pledge was constitutional and was an effective way of keeping defeated primary candidates off the general election ballot.

The General Assembly shall provide for the nomination of candidates, regulate the time, place and manner of elections, provide for the administration of elections and for absentee voting, insure secrecy of voting, establish procedures for contested elections, and enact other provisions necessary to the fulfillment and integrity of the election process.

Section 7-11-210 requires candidates for all county and township offices to file a notice and pledge, as did Johnson, above. This section further requires that the county chairman of the party which held the primary to institute an action in a court of competent jurisdiction for an order enjoining a defeated candidate from offering or campaigning in the ensuing general election should a defeated candidate do so. Clearly, the General Assembly retains its authority over the election process and merely delegates to the county chairman the ministerial duty of filing suit should a defeated candidate violate the provisions of § 7-11-210. This argument is without merit.

Johnson contends § 7-11-210 is unconstitutional in that it "impairs the obligation of contract." Johnson argues § 7-11-210 allows neither the candidate nor the political party to vary or waive the pledge, but requires "that there be a 'contract' between two parties — whether they like it or not, specified what they must agree to and required that the promise (or in this case one without privity) enforce it."

The State has a legitimate interest in preserving the integrity of the electoral process. *See Bullock v. Carter*, 405 U.S. 134, 92 S.Ct. 849, 31 L.Ed. (2d) 92 (1972). Clearly, the General Assembly has required no person to contract with another, but has merely mandated that one who accepts the benefits gained by running as a party candidate agree to abide by the results of the primary election and not offer or campaign in the general election for any office for which that party has a nominee. This is a reasonable restriction necessary to preserve the integrity of the electoral process.

Next, Johnson contends § 7-11-210 of the Code is unconstitutional in that it violates "his right to speak, petition, associate, vote, and to run for and be elected to public office."

As stated above, the restriction on offering or campaigning in a general election for an office for which there is a party nominee after a candidate is defeated in the primary election is a reasonable restriction necessary to preserve the integrity of the electoral process. Johnson freely and voluntarily chose to seek nomination to Seat One of the Florence City Council by primary. Having partaken of the Democratic Party Primary, he cannot complain of the restriction preventing him from offering or campaigning in the general election for an office for which there is a Democratic nominee.

Johnson asserts *Redfearn v. Board of State Canvassers of South Carolina,* 234 S. C. 113, 107 S. E. (2d) 10 (1959) supports his position that he should be allowed to run against the party nominee as a petition candidate. We disagree. In *Redfearn,* the pledge signed by the candidates required them to abide by the results of the primary and support in the general election all the candidates nominated in the primary. One of the candidates defeated in the Democratic primary election was elected in the general election as a write-in candidate. The issue before the Court was whether the defeated candidate was eligible as a matter of law to be elected to the office in controversy, not whether the defeated candidate should be allowed to offer or campaign for the office. The holding in *Redfearn* would only allow Johnson to be elected as a write-in candidate, not as a petition candidate.

Johnson also contends § 7-11-210 of the Code is unconstitutional in that it is vague, discriminatory on the basis of geography and race, and fundamentally unfair. We have considered these arguments and find them without merit.

A major portion of Johnson's argument concerns the applicability of § 7-11-210 to this election. Even if we were to hold § 7-11-210 does not apply to municipal elections, the fact remains that Johnson signed the pledge agreeing to abide by the results of the primary and agreeing to the issuance of an injunction against him should he offer or campaign for office in the general election. He concedes he signed the pledge but argues it would not matter if he signed wheelbarrows full of them because the pledge is null and void and unconstitutional. We disagree. As we concluded above, the pledge's restriction on offering or campaigning in a general election for an office for which there is a party nominee

after a candidate has been defeated in the primary election is constitutional and reasonable, necessary to preserve the integrity of the electoral process.

Johnson contends the circuit judge should have recused himself because his past affiliation with the Democratic Party gave the impression of partiality on the judge's part. The judge denied Johnson's motion to recuse finding the prohibition imposed upon the circuit judiciary concerning participation in political activity sufficiently guaranteed his impartiality. Johnson has presented no evidence which would indicate the circuit judge was not impartial or gave the appearance of partiality. We find no error.

Appellant's remaining exceptions are meritless; we affirm those under Rule 23 of this Court's Rules of Practice.

The order of the circuit court is

Affirmed.

LEWIS, C. J. and LITTLEJOHN, NESS and HARWELL, JJ., concur.