THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 George E.
 Tempel, Chairman of the Charleston County Democratic Party, Respondent,
 v.
 Eugene Platt, Appellant.
 
 
 

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court
 Judge
Memorandum Opinion No. 2010-MO-002
Heard January 6, 2010  Filed January 19, 2010   
AFFIRMED

 
 
 
 M.
 Laughlin McDonald and Bryan L. Sells, both of Atlanta, Georgia, for Appellant.
 Forrest
 Truett Nettles, II, of Charleston, for Respondent.
 
 
 

PER
 CURIAM:  George E. Tempel, Chairman
 of the Charleston County Democratic Party, brought this action to enjoin Eugene
 Platt from being a candidate for the South Carolina House of Representatives in
 the November 2008 general election after Platt was defeated in the Democratic
 Party primary election.  The circuit court granted the injunction pursuant to
 S.C. Code Ann. § 7-11-210, which authorizes a party chairman to obtain injunctive
 relief if a defeated party primary candidate thereafter offers or campaigns as
 a candidate in the ensuing general election in which the party has a nominee.  Platt
 appeals.
We
 affirm pursuant to Rule 220(b)(1), SCACR and the following authorities:  South Carolina Dep't of Transp. v. First Carolina
 Corp., 372 S.C. 295, 301, 641 S.E.2d
 903, 907 (2007) (stating "[i]t is axiomatic that an issue cannot be
 raised for the first time on appeal, but must have been raised to and ruled
 upon by the trial judge to be preserved for appellate review" (alteration
 in original) (quoting Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d
 731, 733 (1998))); Beaufort County v. Butler,
 316 S.C. 465, 451 S.E.2d 386 (1994) (observing that constitutional issues must
 be timely raised to be preserved for appeal); Hoffman v. Powell, 298
 S.C. 338, 380 S.E.2d 821 (1989) (holding issues, including constitutional
 challenges, must be both raised to and ruled upon by the trial court to be
 preserved for appellate review); see Florence County Democratic Party
 v. Johnson, 281 S.C. 218, 314 S.E.2d 335 (1984) (rejecting constitutional
 challenges to section 7-11-210); see also Clingman v. Beaver, 544
 U.S. 581 (2005) (finding a state's semiclosed primary advanced a number of
 regulatory interests that the Court recognized as important, including guarding
 against party raiding and sore loser candidacies); Timmons v. Twin Cities
 Area New Party, 520 U.S. 351, 365 (1997) (stating "because the burdens
 the fusion ban imposes on the party's associational rights are not severe, the
 State need not narrowly tailor the means it chooses to promote ballot
 integrity," and "[t]he Constitution does not require that [a state]
 compromise the policy choices embodied in its ballot-access requirements to
 accommodate [a party's] fusion strategy"); Anderson v. Celebrezze,
 460 U.S. 780, 788 (1983) (noting "the state's important regulatory
 interests are generally sufficient to justify reasonable, nondiscriminatory
 restrictions" on the electoral process); Storer v. Brown, 415 U.S.
 724, 734-35 (1974) (observing that prohibitions on a defeated party candidate
 from running in the general election serve to limit the names on the ballot to
 those who have won the primaries and properly-qualified independents; thus,
 they "prevent the losers from continuing the struggle" and
 "winnow out" all but the chosen candidates in an orderly manner that
 preserves the integrity of the electoral process).  As to Platt's allegation concerning the
 sufficiency of the evidence and the circuit court's findings, we find the
 circuit court did not err in granting the injunction as provided by law.  See S.C. Code Ann. § 7-11-210 (Supp. 2009).  
AFFIRMED.
TOAL,
 C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.